PLEASANT FOY v. CITY OF WINSTON.

(Decided April 17, 1900.)

*Negligence—Dangerous Sidewalks—Contributory Negligence*
*—The Blind—Care to be Exercised.*

1. City authorities are responsible for injury occasioned to passers-by, in consequence of negligence of workmen impliedly permitted to dig a ditch across the sidewalk to connect pipes with the city waterworks for private individuals.

2. It is for the jury to say whether sufficient precautions were taken to enable a person of ordinary prudence with the exercise of ordinary care to have passed along with reasonable safety.

3. It is immaterial that the work was not done by the city or its employees, and that the city had no knowledge that the ditch was being cut, and had been left dangerous and unguarded, it being in evidence that plummers were allowed to do their work without special application and permit.

4. The fact that the plaintiff was a blind man did not of itself make it negligent for him to pass along the public sidewalk without a guide and without making every effort to ascertain if any danger was in his way; but the fact of his being blind did not relieve him from exercising ordinary care—ordinary care on his part meaning a higher degree of care than would be required of a person in possession of all his senses.

CIVIL ACTION for damages for personal injury suffered by the plaintiff, a blind man, from falling into a ditch across a sidewalk in Winston, tried before *Shaw, J.,* at November Term, 1899, of the Superior Court of FORSYTH County. There were three issues submitted:

(1.) As to negligence of defendant.

(2.) As to contributary negligence of plaintiff.

(3.) As to damages.

The jury responded "Yes," to the first; "No," to the second, and assessed plaintiff's damages at $225. Judgment accordingly. Appeal by defendant.

The evidence, charge of the court, and exceptions by defendant are all stated in the opinion.

*Messrs. Glenn & Manly,* and *Holton & Alexander,* for appellant.
*Messrs. Jones & Patterson,* for appellee.

Montgomery, J.   The city of Winston owns its waterworks, and supplies its inhabitants with water at established rates.   There is an ordinance of the town which requires all connections with the water-mains to .be made by licensed plumbers, and under a permit from the city engineer, who is also the superintendent of the waterworks (but such a permit was not required at the time of the injury complained of by the plaintiff), to make repairs to the pipes leading from the mains to the buildings, or to change old for new pipes.

In June, 1897, W. E. Beck, a plumber, was employed by J. Jacobs to replace old pipes with new, and to do the work it became necessary to dig a ditch 18 inches deep and 15 inches wide from the curb line of the street across the sidewalk.   When the workmen quit for the day they left a plank or planks across a part of the ditch, and hung up a red lantern, lighted, to warn pedestrians.   Shortly afterwards the plaintiff, who was blind, and who was regularly accustomed to walk along the street, came along and fell into the ditch, and was injured.   The charge of the Court was not excepted to, except by "a broadside," and it will only be necessary to consider it in respect to certain special instructions which the defendant asked the Court to give, and to which the defendant was entitled, but were not given in the words prayed for. There were eleven special instructions asked for by the defendant, which may be divided into four groups:

1. Those that are founded on the proposition that the

contractor having placed a plank or planks across a part of the ditch, and having hung up a red lantern, lighted, to warn passengers, the defendant, as a matter of law, even if responsible for the conduct of the contractor, was not negligent.

2. That the defendant could not be liable at the suit of the plaintiff because the city did not do the work through itself or its agents.

3. That the city having no knowledge of the work, it could not be liable, and

4. That the plaintiff, who was a blind man, was negligent in using the streets without an attendant, or unless with his staff he constantly felt his way before and on all sides of him.

His Honor refused to charge the jury that the placing of a plank or planks across the ditch and hanging up the red lighted lamp, relieved the defendant from the charge of negligence. He added, properly, a qualification, to the effect that those precautions of the contractor should be considered by the jury, and that it was for them to say whether or not they were sufficient to enable a person of ordinary prudence in the exercise of ordinary care, to have passed with reasonable safety.

The Court also properly refused to instruct the jury that the plaintiff could not recover because the work was not done by the city or its employees or agents; and he also properly refused to instruct them that the defendant was not liable, unless the city authorities had knowledge that the ditch was being cut, and that workmen had left it in a condition dangerous and unguarded.

McGruder, the city engineer and superintendent of the waterworks, testified that the work being done by Beck was not a new connection, but was simply the changing of pipes, and that no permission by him was necessary in the case; that the city had been permitting plumbers to do this kind of

work up to that time without application and without a per-mit, and that the Board of Aldermen of the city knew they made repairs without permit.

The Court instructed the jury that the fact that the plaintiff was blind did not of itself make it negligent to pass along the public sidewalk without a guide, and without making every effort to ascertain if any danger was in his way; but he also instructed them that being blind did not relieve him from exercising ordinary care in passing along the sidewalk, and that ordinary care on his part meant a higher degree of care than would be required of a person in the possession of all his senses. *Neff v. Wellesley*, 2 L. R. A., 500; *Smith v. Wildes,* 143 Mass., 556.

The main questions then for determination on the trial below were, whether the defendant was negligent, and whether the plaintiff contributed to its negligence. The jury responded to the first issue, "Yes," and to the second issue, "No." The special instructions asked by the defendant were given in substance where they ought to have been given, and declined where they ought to have been declined. As we have intimated, there might be objectionable features to parts of the charge of his Honor, but they were not excepted to.

Affirmed.