FOY v. WINSTON.

(Filed May 17, 1904).

1. INSTRUCTIONS—*Trial—Practice—Verdict.*

A request to charge that the "plaintiff cannot recover" should not be given.

2. NEGLIGENCE—*Municipal Corporations.*

The presence of a strip of timber nailed lengthwise of the street to electric light poles set in the edge of a sidewalk, maintained for over six years and used for hitching animals, does not constitute negligence justifying a recovery for injuries to a blind man running against the same.

ACTION by Pleasant Foy against the city of Winston, heard by *Judge W. A. Hoke* and a jury, at January (Special) Term, 1904, of the Superior Court of FORSYTH County. From a judgment for the plaintiff the defendant appealed.

*Lindsay Patterson,* for the plaintiff.
*Watson, Buxton & Watson,* for the defendant.

CLARK, C. J. The plaintiff, a blind man and unattended, attempted to cross the street not at a regular crossing. There was a row of electric light poles on the outer edge of the sidewalk and to two of such poles, which were about five feet

apart, was nailed a strip about two inches square and about ten feet long, which projected beyond one pole about three feet and some six or eight inches beyond the other pole. This strip was nailed four and a half or five feet above the ground and had been there some six years, and was used for a hitching post, being on the edge of the sidewalk around the court-house square. The strip did not obstruct any one passing along the sidewalk or along the street. The plaintiff, coming down the walk from the court-house, instead of turning to the left or right and going to the corner of the square where the street crossings are, attempted to go diagonally across the street at that point, and not discovering by the use of his stick that there was any strip nailed from one post to the other, ran against it and was hurt. Why he should have run against it with such impetus as to be seriously hurt (if he was) does not appear. "The defendant asked the Court to hold as a matter of law that the plaintiff could not recover and to so charge the jury. The Court declined to so hold or charge, but left the question to the jury to decide on the entire testimony whether there was negligence on the part of the defendant in causing the injury. The defendant excepted."

There was no error in refusing to charge that "the plaintiff cannot recover." This instruction is not applicable to our present system, under which there is no general verdict, but the jury responds to issues. *Vanderbilt v. Brown,* 128 N. C., 501; *Bradley v. Railroad,* 126 N. C., 740; *Willis v. Railroad,* 122 N. C., 909, and several other cases there cited. But the Judge erred in "leaving the question to the jury to decide on the entire testimony whether there was negligence on the part of the defendant in causing the injury." There was no conflict in the evidence, and when the facts are known and only one inference can be drawn from them negligence is a question of law for the Court. We do

not see wherein the defendant was negligent. The strip
nailed to two electric light poles standing along the outer
edge of the sidewalk around the court-house square did not
impede travel along the sidewalk or along the street, nor
interfere with those passing from one side of the street to the
other at the regular and usual crossing places. The strip,
used as a hitching rack, was a convenience to those coming
to the court-house on business, otherwise than on foot, to have
some place to hitch their horses, and it was no inconvenience
to any one else. Those living in the country, or too far from
the court-house to walk, are entitled to some consideration for
their convenience as to hitching their animals. The strip had
been there, used for this purpose and without complaint, so
far as shown, for about six years. There was no negligence of
the defendant shown, and it was the plaintiff's own fault that,
blind and unattended, he attempted to cross the street at
other than one of the regular crossings provided for the public·
In an action by this same plaintiff against the defendant for
a different injury, *Foy v. Winston,* 126 N. C., 381, it was
held that it was not negligence *per se* for him to pass along
the public sidewalk without a guide provided he used ordi-
nary care, adding that "ordinary care on the part of a blind
man means a higher degree of care than would be required
of a person in possession of all his senses." We did not
mean to be understood as giving the plaintiff permission to
leave the sidewalk and public crossings provided for pedes-
trians and to plunge across the streets at any point he chose.
Besides, instead of using a "higher degree of care than would
be required of a person in possession of all his senses" he
used less, since no one in possession of his eyes with ordinary
care would have run against the horse-rack. We are, how-
ever, not resting the decision upon the contributory negli-
gence of the plaintiff but upon the ground that no negligence
has been shown on the part of the defendant.

Error.

DOUGLAS, J., concurring in result. The opinion of the Court says: "When the facts are known and only one inference can be drawn from them, negligence is a question of law for the Court." I know there are precedents tending in that direction, but it seems to me, on the better and greater weight of authority, that the rule is too broadly stated even if instrinsically correct.

Under the rule of "the prudent man"—which seems now to be meeting with practically universal acceptance—negligence, and especially in its proximate relation to the injury, is a mixed question of law and fact for the determination of the jury. The Court can, in proper cases, direct the plaintiff to be nonsuited on the ground that there is no evidence tending to prove negligence, but any intimation that the Court can weigh the evidence and harmonize conflicting inferences, and then say that negligence has or has not been proved, either on the part of the plaintiff or the defendant, is a proposition too dangerous in its tendencies to admit of my approval.