LEE J. TAYLOR, ADMINISTRATOR OF EARL N. TAYLOR, v. J. W. STEWART AND JAMES STEWART.

(Filed 11 October, 1916.)

1. Negligence—Automobiles—Minors—Statutes.

Where a person within the age prohibited by the statute runs an automobile upon and injures a pedestrian, the violation of the statute is negligence *per se*, and a charge by the court that it is a circumstance from which the jury could infer negligence is reversible error.

2. Same—Proximate Cause—Questions for Jury—Burden of Proof—Trials.

While it is negligence *per se* for one within the prohibited age to run an automobile, it is necessary that such negligence proximately cause the injury for damages to be recovered on that account, with the burden of proof on the plaintiff to show it by the preponderance of the evidence.

**3. Same—Evidence.**

It is when the facts are admitted and only one inference may be drawn therefrom that the courts will declare whether a negligent act was the proximate cause of a personal injury; and it is *Held*, in this case, that it is for the jury to determine whether a competent and careful chauffeur of maturer years could have avoided the injury under the circumstances, or whether it was due to the fact that a lad within the prohibited age was running it at the time.

**4. Negligence—Parent and Child—Torts—Minors—Consent of Parent—Consent Implied—Automobiles.**

While ordinarily a father is not. held responsible in damages for the negligent acts of his minor son done without his knowledge and consent, such may be inferred, as where the father constantly permitted his 13-year-old son to run his automobile, had ridden with him, and upon the present occasion the son, in the absence of his father, had taken the operation of the car from his father's chauffeur and inflicted the injury complained of.

WALKER, J., dissenting.

CIVIL ACTION tried at May Term, 1916, of CRAVEN, before *Whedbee, J.*, upon the usual issues of negligence, contributory negligence, and damages. The jury answered the issues in favor of the defendants. The plaintiff appealed.

*W. D. McIver, E. M. Green, Charles L. Abernethy for plaintiff.*
*D. L. Ward, A. D. Ward, Moore & Dunn for defendant.*

BROWN, J. The plaintiff sues to recover for the death of his child, who was run over and killed by an automobile belonging to the· defendant J.. W. Stewart. At the time the car was being operated by James Stewart, the son of the said J. W. Stewart, a lad of 13 years of age. A colored chauffeur, who had been sent out with the car by the owner, was sitting beside the lad.

His Honor charged the jury that under the laws of North Carolina it was a misdemeanor for a person under the age of 16 to drive an automobile upon any highway or public street, and that it is a circumstance from which the jury may infer negligence, and that it does not necessarily follow that the jury shall conclude it was negligence, but that it is a circumstance to go to the jury. In this his Honor erred. He should have instructed the jury that it is negligence *per se* for the defendant James Stewart to have driven the machine in violation of the statute law of the State. *Zogier v. Southern Express Co.*, 89 S. E., 44; *Paul v. R. R.*, 170 N. C., 231; *Ledbetter v. English*, 166 N. C., 125.

It does not follow, however, that the defendant is liable in damages, for the plaintiff must go further and satisfy the jury by a preponderance

of the evidence of the fact that such negligence was the proximate cause of the death of the child. This question of proximate cause has been much debated; and a very helpful and enlightening opinion upon the subject has been written by *Mr. Justice Allen* in *Paul v. R. R., supra.*

Where the facts are all admitted, and only one inference may be drawn from them, the Court will declare whether an act was the proximate cause of an injury or not. But that is rarely the case, and, as is said by *Mr. Justice Strong* in *R. R. v. Kellogg,* 94 U. S., 469.: "What is proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or legal knowledge. It is to be determined as a fact in view of the circumstances of fact attending it."

It is impossible, upon the evidence in this case, to say as a matter of law that the fact that the defendant James Stewart was driving the automobile in violation of law was or was not the proximate cause of the intestate's death. The circumstances surrounding the injury are such as to forbid it.

It is contended and there is evidence that the defendant James was driving the automobile at a rapid rate of speed and in violation of the city ordinance at the time he turned the corner. There is also evidence from which a jury may infer that a competent and careful chauffeur of maturer years might have seen the child before the machine struck it and in time to stop. The evidence shows that the defendant James did not see the child until his attention was called to it by the colored chauffeur, and that then the machine was practically on the child, for he was between the guard and the wheel.

Taking all of these circumstances into consideration, the question of proximate cause must be submitted to the jury. If they should find that death of the plaintiff's intestate was an unavoidable accident, which a prudent chauffeur, authorized by law to run a machine, could not by the exercise of reasonable care have avoided, then the defendants were not liable; but if they should find from all the evidence that the proximate cause of the intestate's death was the fast driving and lack of attention and due care upon the part of the 13-year-old boy, driving the machine in violation of law, then he would be liable.

We come now to consider the liability of the defendant J. W. Stewart, the father of James.

A parent is not ordinarily liable for the torts of his minor son done without his knowledge and consent. We, therefore, held in *Linville v. Nissen,* 162 N. C., 96, that the parent was not liable in that case, because all the evidence showed that his son took the machine out of the garage without the father's consent, but against his express instructions. In that case, however, this Court said: "We would not be understood,

however, as holding that the father would not be liable if he should place his automobile in charge of a child of tender years any more than if he would intrust an unruly horse to him. But in such case the liability arises from the father's negligence, and not from the imputed negligence of the child. This is too well settled to need discussion."

There is evidence in this case which tends to prove that the defendant J. W. Stewart, father of James, habitually permitted his son to operate his automobiles since the latter was 10 years of age; that the father had ridden with the son repeatedly and permitted him to carry other members of the family out in the machine. It is true that on this occasion he sent a colored chauffeur with the machine to execute a certain commission, and that the son got in the machine en route and the chauffeur turned over the operation of it to him.

The chauffeur had a right to assume that the father approved of this; it was the latter's habit to allow his son to run his machine in direct violation of the statute of the State, which has been in force since 1 April, 1913. This was negligence upon the part of the father, and from these facts the jury may well infer that on the occasion when the plaintiff's intestate was killed the son was driving the machine with the consent of the father.

A somewhat similar case has been decided in South Carolina, where it is held that a person who provided an automobile for the pleasure of his family, which his son was authorized by him to operate, such person is held liable for his son's negligence when driving the car for the pleasure of himself and his friends. *Davis v. Littlefield,* 97 S. C., 171.

It is generally held where a master unknowingly retains incompetent servants in his employ and to do his bidding, he becomes liable for their negligence. *Haines v. Parkersburg Ry. Co.,* 84 S. E., 923. Upon the same principle, where a father permits his minor child to operate his automobile upon the highways and public streets in violation of the statute it is negligence upon the part of the father, and he becomes responsible for those injuries which are the result of such violation of law.

New trial.

WALKER, J., dissenting, as to defendant J. W. Stewart: My opinion is that the case was properly submitted to the jury as to the father, J. W. Stewart, who is codefendant of his son. There is no evidence in the record that he authorized or permitted his son to drive the automobile on this occasion, nor did he know that the son had usurped the chauffeur's place until after this unfortunate accident. The case of *Davis v. Littlefield,* 97 S. C., 171, has no application, as the facts of the two cases are materially unlike. Nor is this a case where the

master has knowingly or unknowingly retained an incompetent servant in his employ to do his bidding, because 'the defendant J. W. Stewart had not authorized his son to drive the automobile, but, on the contrary, had placed another person, who was an adult, in charge of it, with directions as to what should be done with it. The fact that the father had permitted the son to drive the car on other occasions, even several times, did not deprive him of the right to change this course of action and employ another driver. The question is not whether this employee supposed that the father would approve, if he deserted his post and transferred the control of the car to the son, but whether the father had actually authorized the son to drive the machine at the time, and of this there is no legal evidence. I take a very different view of *Linville v. Nissen,* 162 N. C., 95, from that stated in the Court's opinion. It was there held, upon the authority of many cases reviewed by the *Chief Justice,* that an automobile is not *per se* a dangerous machine, and that negligence in its use or management must be shown before liability for an injury will attach. "It is well known," says the Court, "that they are being devoted to and used for the purposes of traffic, and as conveyances for the pleasure and convenience of all classes of persons, and without menace to the safety of those using them or to others upon the same highway, when they are operated with reasonable care. The defendant cannot, therefore, be held liable upon the ground that the automobile is a dangerous contrivance. *Steffen v. McNaughton,* (Wis.) 26 L. R. A., 382, which further states that this principle has been adopted in *Slater v. Thresher Co.,* 97 Minn., 305; *McIntyre v. Orner,* (Ind.) 4 L. R. A. (N. S.), 1130; *Lewis v. Amarous,* 3 Ga. App., 50; *Jones v. Hoge,* (Wash.) 14 L. R. A. (N. S.), 216; *Cunningham v. Castle,* 111 N. Y. Sup., 1057. There are many other cases to the same effect, among them, *Vincent v. Crandall,* 115 N. Y. Sup., 600; *Danforth v. Fisher,* 75 N. H., 3; *Freibaum v. Brady,* 143 App. Div. (N. Y.), 220." And again: "A parent is not liable for the torts of his minor son. The relationship does not alone make a father answerable for the wrongful acts of his minor child. There must be something besides relationship to connect him with such acts before he becomes liable. It must be shown that he has approved such acts or that the child was his servant or agent. *Johnson v. Glidden,* 74 Am. St., 795, which cites a large number of cases. This is quoted and approved in *Brittingham v. Stadiem,* 151 N. C., 300, this Court adding: 'Wherever the principles of the common law prevail, this is a well established doctrine.' It is there said that where the son is acting of his own will and for his own purposes, and not as his father's agent *pro hac vice,* the latter is not liable for his son's acts, even if negligent, and he cites for this, *Way v.*

*Powers,* 57 Vt., 135, where it appeared that a son who was living as a hired man on his father's farm took his horse without his permission, though he would have given permission if asked, and drove to the railroad station for one of his friends. He there tied the horse, which broke loose and ran into the plaintiff's team and injured him. It was held that though the son was negligent, the father was not liable. The case of *Reynolds v. Buck,* 127 Iowa, 60, was also cited with approval, where it was said that 'the owner of an automobile is not liable from injury resulting from the negligent operation of the machine by a son, without the father's knowledge and consent, and not at the time in his employ or about his business.'" But the case of *Doran·v. Thomsen,* 76 N. J. L., 754, which is also approved and greatly relied on in *Linville v. Nissen,* is exactly in point. I will state in the language of this Court what it decided: "Where a father was in possession of an automobile which he kept upon his premises, and his daughter, about 19 years of age, was accustomed to drive it, and did so whenever she felt like it, asking permission to use it, when the father was at home, but when not at home taking it sometimes without permission, it was held that when she used the machine for her own pleasure, and negligently injured a person on the highway, there was no proof sufficient to constitute her the servant or agent of the master, and that her father was not responsible. This case is thoroughly discussed and cites numerous authorities which sustain the proposition that 'the doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged for the result of wrong, at the time and in respect to the very transaction out of which the injury arose.' It also cites numerous authorities to the other well settled principle that 'the mere fact of the relation of parent and child does not make the child the servant of the defendant' in actions for tort."

It seems to me that *Linville v. Nissen* strongly sustains the·view I take of this case. It results that the son was not the servant of the father at the time of this accident, and the latter, therefore, is not responsible for acts so as to be affected by the provision of the statute as to certain minors driving automobiles, nor by the principle last quoted by the Court in its opinion in this case, from *Linville v. Nissen,* in regard to the father's liability for negligence in placing a dangerous machine or implement in the hands of his child of tender years, which causes injury to another.

But there may be some evidence in this case of negligence, not original, but imputable to the father, which if it proximately caused the injury would be actionable. The car was in the custody and charge of the

chauffeur who had been employed by the father, and, therefore, was his servant. It is the duty of an agent to obey his principal and to be loyal and faithful to his interests, and there is another equally binding duty to exercise care, skill, and diligence in performing the task assigned to him. If he fails in this respect while acting within the scope of his employment, and thereby injures another, the master becomes liable for his act to the one who is damaged. 31 Cyc., 1582 *et seq.* So in this case, if the servant in charge of the car relinquished his control of it to the owner's son, who was young and inexperienced, and by reason thereof the son carelessly and negligently ran over the child and caused its death, the father would be liable, provided the chauffeur was at the time acting within the scope of his authority. But it appears that the court substantially submitted this feature of the case to the jury, telling them that there was evidence of negligence. There was evidence that the son was an experienced chauffeur, and as in the view herein taken the statute as to minors does not apply, it is more than likely that the jury concluded that there was no negligence in turning over the control of the car to the son, who was an expert chauffeur, or that if there was, it was not the proximate cause of the injury, and that the lamentable death of the child was the result of an unavoidable accident. My conclusion is that the judgment as to J. W. Stewart should be affirmed, as there was no reversible error as to him committed at the trial.