CARLIE LOWE, ADMINISTRATRIX OF JAMES J. LOWE, v. J. F. TAYLOR.

(Filed 21 November, 1928.)

**Master and Servant—Liability of Master for Injuries to Servant—Tools, Machinery, and Appliances—Negligence—Proximate Cause.**

Where the plaintiff's intestate was engaged to deliver gasoline to defendant's customers by auto truck, and there was evidence tending to show that he was killed by the truck turning over on the highway because of defective brakes thereon, defendant's motion as of nonsuit thereon will be denied, the question of the causal connection between the negligence and the injury being ordinarily for the jury.

APPEAL by defendant from *Deal, J.,* at April Special Term, 1928, of DURHAM. No error.

Action to recover damages for wrongful death of plaintiff's intestate.

LOWE *v.* TAYLOR.

The issues submitted to the jury were answered as follows:

1. Was the death of plaintiff's intestate caused by the negligence of defendant, as alleged in the complaint? Answer: Yes.

2. Did plaintiff's intestate contribute to his own injury and death as alleged in the answer? Answer: No.

3. Did plaintiff's intestate, James Lowe, assume the dangers incident to the driving of the Reo truck on the date of his death, as alleged in the answer? Answer: No.

4. What sum is plaintiff entitled to recover of defendant, J. F. Taylor, as damages? Answer: $5,000.

From judgment on the verdict defendant appealed to the Supreme Court.

*R. O. Everett and John W. Hester for plaintiff.*
*Fuller, Reade & Fuller and Brawley & Gantt for defendant.*

CONNOR, J. Defendant is engaged in the business of selling gasoline and oils. His place of business is at East Durham, N. C. Some of his customers live in Durham County, at a distance from his place of business. Defendant delivers gasoline and oils to these customers by means of trucks.

Plaintiff's intestate, James J. Lowe, was employed by defendant as a driver of one of his trucks. He had been so employed for about eight months preceding his death on 4 March, 1926. During this time he had driven a Reo truck, furnished him by defendant. He was a careful and experienced driver, about 32 years of age.

Early during the afternoon of 4 March, 1926, plaintiff's intestate left defendant's place of business at East Durham, driving the truck furnished him by defendant. The tank on this truck contained gasoline, which was to be delivered by him to defendant's customers on his regular route. Late in the afternoon of the same day, after he had called on these customers, he was returning to East Durham. As he was driving the truck on the road from Bahama to Durham it ran off the road, turned over, and threw him out of his seat in the truck to the ground. As the result of injuries which he thereby sustained, plaintiff's intestate was rendered unconscious. He died soon after his body was discovered, lying on the edge of the road.

At the time the truck left the road and turned over, throwing the deceased out upon the ground, it was going down grade, after having turned a sharp curve in the road. There was evidence tending to show that the truck first left the surface of the road and ran a short distance on the shoulder; it was then driven back on the road, when it turned over. After the accident, it was found that the emergency brake had

been pulled up tight. It was locked. The truck was lying off the road at a distance of about eight or nine feet. The service brakes were defective; they would not hold.

There was evidence tending to sustain the allegation in the complaint that defendant had failed to exercise due care to provide reasonably safe brakes on the truck. The brakes were defective and in a dangerous condition when plaintiff's intestate drove the truck out of defendant's place of business early in the afternoon. Defendant had been informed of the condition of the brakes, and had promised plaintiff's intestate that he would have them repaired, when he returned from his trip.

On his appeal to this Court, defendant concedes that there may be evidence of negligence on his part, with respect to the brakes; he contends, however, very earnestly that there was no evidence from which the jury could find that this negligence was the proximate cause of the injuries to plaintiff's intestate, resulting in his death. He insists, therefore, that there was error in the refusal of the trial court to allow his motion for judgment as of nonsuit, at the close of all the evidence. C. S., 567. His only assignment of error is based upon his exception to the refusal to allow this motion.

It is elementary, of course, that there can be no recovery by the plaintiff in an action for damages, alleged to have been caused by the negligence of the defendant, unless the negligence alleged in the complaint and established by the evidence is the proximate cause of the injuries for which damages are demanded. The plaintiff must offer evidence from which the jury can find not only that defendant was negligent, as alleged in the complaint, but also that this negligence was the proximate cause of the injury complained of. If the evidence is not sufficient to sustain the finding by the jury of both these essential elements of actionable negligence, defendant's motion for judgment dismissing the action as of nonsuit must be allowed.

However, where there is evidence sufficient to sustain both the allegations of negligence, and of injury, whether or not there is the essential causal relation between the alleged negligence and the injury, is ordinarily a question for the jury. *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180; *Albritton v. Hill,* 190 N. C., 429, 130 S. E., 5; *Graham v. Charlotte,* 186 N. C., 649, 120 S. E., 466. In *Taylor v. Stewart,* 172 N. C., 204, 90 S. E., 134, *Brown, J.,* after holding that the violation of a statute by the defendant as shown by the evidence in that case, was negligence *per se,* says: "It does not follow, however, that the defendant is liable in damages, for the plaintiff must go further and satisfy the jury by a preponderance of the evidence of the fact that such negligence was the proximate cause of the death of the child." He quotes with approval from the opinion of *Strong, J.,* in *R. R. v. Kellogg,* 94 U. S.,

469, 24 L. Ed., 256, where it is said: "What is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or legal knowledge. It is to be determined as a fact in view of the circumstances of fact attending it." See, also, *Taylor v. Lumber Co.,* 173 N. C., 112, 91 S. E., 719.

There was evidence upon the trial of the instant case from which the jury could find that the defective brakes caused the truck to turn over and throw plaintiff's intestate from his seat in the truck to the ground. There was no evidence tending to show any other cause of his fatal injuries. Other causes are suggested in the brief filed in this Court in behalf of defendant, but there was no evidence from which the jury could have found that they or either of them was the proximate cause of the fatal injuries. It could not have been held as a matter of law that there was no evidence of a causal relation between the negligence of defendant and the injuries and death of plaintiff's intestate.

There was no error in the refusal of the motion for judgment as of nonsuit. The evidence was properly submitted to the jury, who under instructions to which there was no exception returned the verdict upon which the judgment was rendered. The judgment is affirmed.

No error.