MILDRED SHERWOOD v. SOUTHEASTERN EXPRESS COMPANY, B. E. HAYNES AND G. W. REAMS.

(Filed 21 March, 1934.)

**1. Trial D a—Upon motion of nonsuit all the evidence is to be considered in the light most favorable to plaintiff.**

Upon a motion of nonsuit all the evidence, whether offered by plaintiff or elicited from defendant's witnesses, is to be considered in the light most favorable to plaintiff, and he is entitled to every reasonable intendment and inference therefrom. C. S., 567.

**2. Automobiles C g—**

The violation of a city ordinance passed for the safety and protection of the traveling public is negligence *per se*, and the question of whether such violation is the proximate cause or one of the proximate causes of the injury in suit is ordinarily for the jury.

**3. Automobiles C d—Whether backing of truck in violation of ordinance proximately caused plaintiff's injuries held for jury.**

The driver of a truck backed same on a city street in violation of a municipal safety ordinance, and the driver of a car standing behind the truck backed his car, after sounding his horn, in order to keep from being hit by the truck, and his car struck and injured a pedestrian attempting to cross the street. *Held*, the question of whether the negligence of the truck driver was the proximate cause of the pedestrian's injuries was properly submitted to the jury, and where the jury finds that the driver of the car was not negligent and that plaintiff was injured by the negligence of the driver of the truck, the court's judgment thereon will be upheld on appeal.

APPEAL by defendants, Southeastern Express Company and B. E. Haynes from *McElroy, J.,* at December Term, 1933, of BUNCOMBE. No error.

This is an action for actionable negligence alleging damage brought by plaintiff against the defendants. The case was tried before Judge J. P. Kitchin and a jury in the General County Court of Buncombe County, N. C.

The issues submitted to the jury and their answers thereto were as follows: "(1) Was the plaintiff injured by the negligence of the defendant, G. W. Reams, as alleged in the complaint? Answer: No. (2)

If so, did the plaintiff contribute to her injury by her own negligence, as alleged in the answer of the said G. W. Reams? Answer: ........ . (3) Was the plaintiff injured by the negligence of the defendants, Southeastern Express Company and B. E. Haynes? Answer: Yes. (4) What damage, if any, is the plaintiff entitled to recover? Answer: $1,000."

The Southeastern Express Company and B. E. Haynes made certain exceptions and assignments of error in the General County Court and appealed to the Superior Court. The court below overruled these exceptions and assignments of error and in the judgment is the following: "It is further ordered, adjudged and decreed that the judgment rendered by his Honor, J. P. Kitchin, judge of the General County Court of Buncombe County, be and the same is hereby in all respects ratified, confirmed and approved."

The appealing defendants made certain exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Vonno L. Gudger and Mark W. Brown for plaintiff.*

*Johnson, Smathers, Rollins & Uzzell for Southeastern Express Company and B. E. Haynes.*

CLARKSON, J. The appealing defendants, Southeastern Express Company and B. E. Haynes introduced no evidence on the trial of the action in the General County Court of Buncombe County, North Carolina, and at the close of plaintiff's evidence, made a motion for judgment as in case of nonsuit, C. S., 567. This motion was overruled, defendants excepted and assigned error. Upon motion for nonsuit evidence which makes for plaintiff's claim, or tends to support her cause of action, whether offered by plaintiff or elicited from defendants' witnesses, will be considered in its most favorable light, and plaintiff is entitled to the benefit of every reasonable intendment and inference to be drawn therefrom. The issue submitted and the answer thereto was as follows: "Was the plaintiff injured by the negligence of the defendants, Southeastern Express Company and B. E. Haynes? Answer: Yes."

The jury awarded plaintiff damages. The defendants excepted, assigned error and appealed to the Superior Court and made the same motion in the court below, which was overruled and appealed to this Court. We can see no error in overruling the motion of the appealing defendants. The sole question was there any sufficient, competent evidence of actionable negligence to be submitted to the jury. The evidence was to the effect that plaintiff, on Saturday afternoon, 26 November, 1932, was on Haywood Street, in Asheville, N. C. The safety street signs are green and red. Before crossing the street, plaintiff stopped for the red light and the line of traffic to pass. The truck of the South-

eastern Express Company, B. E. Haynes at the wheel, passed, and G. W. Reams, driving a Buick Sedan, followed the truck and stopped. She started to cross between the "white lines" on the street. The traffic "stopped for signals"—"I had a perfect right to pass"—"I had the right of way." The Reams' car backed and the bumper of the car struck plaintiff's right knee and threw her to the pavement and she was seriously injured. The truck stopped in front of the Bon Marche and the Reams' car behind it. Reams testified: "We (Reams and the driver of the truck), both sat there for probably a minute or maybe more. During that time he was just sitting there looking back this way to the rear of the truck, back at my car. He was making no motions during that time we were sitting there. About a minute we were just both sitting there. I glanced back just then, probably at the end of that minute, and saw the street was clear. I didn't see a soul anywhere. When I glanced back around to the front, the express truck was already in motion. I tapped my horn and moved back. I didn't move back over three feet. . . . I felt something strike the rear fender. I immediately reached down and pulled up the emergency brake. I got out and went around to the other side of the car as fast as I could. When I got there, this lady, Miss Sherwood, was on Haywood Street upon her hands and knees getting up. . . . In other words, there was not room enough for me to cut out and go around the truck. . . . There was room enough for a man to walk in behind the bumper of my car and the back of the truck." After the car struck plaintiff: "I looked back this way at the back end of my car and the express truck and this man, driver of the truck, was standing behind the truck in the act of taking a package out of the back of the truck. . . . The last I saw of the driver he was going into the door of the Bon Marche with a package in his arms and this metal notebook. I did not see him again at the time. . . . When I backed, the truck in front of me was in motion, backing towards me. I blew my horn. Before I started backing I blew the horn."

The plaintiff contended that the appealing defendants were violating ten traffic ordinances of the city of Asheville. The one mainly relied on is as follows: "Section 45. No motor vehicle or vehicle shall be turned around on any public street in the congested district, but if the driver of such vehicle desires to travel in a direction opposite to the direction in which said vehicle is headed said driver must proceed around the block in order to make such turn and no motor vehicle or vehicle shall be driven in a backward direction except so far as is *absolutely necessary to avoid accident or to proceed on its way.* . . ."

It is well settled in this jurisdiction that the violation of a statute or ordinance intended to prevent injury to persons or property, is negli-

gence *per se,* but to become actionable negligence, there must be a causal connection between the injury sustained and the statutory prohibition. The violation of the statute or ordinance must be the proximate cause or one of the approximate causes of the injury complained of. *Ledbetter v. English,* 166 N. C., 125; *Godfrey v. Coach Co.,* 201 N. C., 264 (267); *S. v. Durham,* 201 N. C., 724 (732); *Johnson v. R. R.,* 205 N. C., 127 (132); *Barrier v. Thomas and Howard Co.,* 205 N. C., 425 (427). Where the violation of an ordinance is admitted or established by the evidence, it is ordinarily a question for the jury to determine, whether such negligence is the proximate or one of the approximate causes of injury which resulted in damage. *Godfrey, supra,* p. 267. The famous "*Squib case*" is similar to the present. *Scott v. Shepherd,* 2 W. Bl., 892, cited in Shirley's Leading Cases in the Common Law (3d Eng. Ed.), p. 259: "Mr. Shepherd, of Milbourne Port, determined to celebrate the happy deliverance of that august and wise monarch James I, in the orthodox fashion; and, with that intention, he some days before the 5th laid in a plentiful pyrotechnic supply. Being not only of a pious and patriotic spirit, but also a man not destitute of humour, he threw a lighted squib into the market house at a time when it was crowded with those that bought and sold. The fiery missle came down on the shed of a vender of ginger-bread, who, to protect himself, caught it dexterously and threw it way from him. It then fell on the shed of another ginger-bread seller, who passed it on in precisely the same way; till at last it burst in the plaintiff's face and put his eye out.

Scott brought an action against the original thrower of the squib, who objected that he was not responsible for what had happened, when the squib had passed through so many hands; but, though he persuaded the learned *Mr. Justice Blackstone* to agree with him, the majority of the court decided that he *must be presumed to have contemplated all the consequences* of his wrongful act and was answerable for them."

The appealing defendants contended: "The jury having found that the defendant, Reams, was guilty of no negligent act, the court should have set aside the answer of the jury to the third issue, as a matter of law, and rendered judgment in favor of the appellants, Haynes and the Southeastern Express Company." This contention cannot be sustained.

Contrary to the ordinance, the driver of the truck backed it, after being warned by Reams—by blowing his horn—and then, Reams backed his car to avoid the truck and the bumper struck the plaintiff. The matter was properly left to the jury. The charge of the learned judge in the General County Court of Buncombe is not in the record, the presumption is that the court charged the law correctly applicable to the facts. In the judgment we find

No error.