ELIZABETH MULFORD v. COTTON STATES HOTEL COMPANY,
TRADING AS KING COTTON HOTEL.

(Filed 25 May, 1938.)

**1. Negligence § 19b—Nonsuit on ground of contributory negligence may be granted only when but one inference can be drawn from evidence.**

Since the granting of a motion to nonsuit on the ground of contributory negligence involves a determination by the court not only that plaintiff was guilty of negligence but also that such negligence was a proximate cause of the injury, such motion should be denied except in exceptional cases strictly within the rule that the motion may be granted only when but one inference may be reasonably drawn from the evidence.

**2. Negligence § 4d—Evidence held not to show contributory negligence as matter of law on part of invitee injured in fall.**

The evidence tended to show that plaintiff, in going from a merchandise exhibit in the hotel operated by defendant, entered the coffee shop in the building from the basement entrance, that the coffee shop was on a higher level than the basement floor, but that the walls were of the same color, that plaintiff negotiated the step to the coffee shop without mishap, but that after lunch, in leaving the coffee shop by the same entrance, she failed to see the difference in the levels and fell to her injury, that the coffee shop was well lighted, but that the route along the basement was very dimly lit. *Held:* Defendant's motion to nonsuit on the ground of contributory negligence should have been denied, since although the evidence discloses that plaintiff negotiated the entrance in safety in entering the coffee shop, it is a matter of common knowledge that the eye detects difference in levels by light and shadow, and that the ability to detect such difference is affected by whether one is facing or going away from light, and that color sometimes plays a part, and therefore, under the circumstances, whether plaintiff should have seen the step and avoided the injury is a question for the determination of the jury.

APPEAL by plaintiff from *Bivens, J.,* at January Civil Term, 1938, of GUILFORD. Reversed.

That part of the evidence which is pertinent to this appeal is substantially as follows:

Plaintiff was a saleswoman in the Ellis Stone Store at Greensboro, and was charged with the duty of purchasing goods for her department. In the performance of that duty she went to the King Cotton Hotel, inspected a stock of goods on exhibit there, and made purchases therefrom. At lunch time she had not completed her purchases, and was invited by the saleswoman in charge of the stock to lunch with her in the hotel coffee shop.

Plaintiff testified that she had never been to the coffee shop before; and that she entered it by the same way she subsequently made her exit. The light was very dim and "dingy" at the entrance of the coffee shop,

and in the basement along the route she had to traverse. The basement floor and the entrance to the coffee shop were on different levels, requiring a step up or down, according as she entered or made her exit. "There was no notice or sign to step down. There was no hand-railing advising you that there was a change in the level."

The plaintiff testified that she, automatically, or subconsciously stepped up that step in entering the coffee shop. The shop was lighted by electricity and daylight, and was "brilliantly lighted in comparison with the basement entrance."

On going out of the coffee shop, she testifies, the exit as it looked to her was very dim. "As I walked out it all looked on the same level to me. I did not see any difference at all."

The plaintiff fell to the floor and was seriously injured.

At the conclusion of the plaintiff's testimony, the defendant moved for judgment as of nonsuit, which motion was allowed, and plaintiff appealed.

*Smith, Wharton & Hudgins for appellee.*
*Herbert S. Falk for appellant.*

SEAWELL, J. The defendant frankly admits that there is sufficient evidence of negligence on the part of the defendant to go to the jury, and such admission is in accord with the inferences to be drawn from the evidence. The only question necessary to a decision of this case is: Was the plaintiff, under the evidence, guilty of such contributory negligence as would bar her recovery, and as would justify the court in rendering a judgment of nonsuit?

In support of the contention that the plaintiff was properly nonsuited on the evidence because of her contributory negligence, the defendant points out that plaintiff had once traversed the dangerous passage on her way to the coffee shop, and had sustained her injury only on her return trip from the shop; that she had become so familiar with the surroundings, and particularly the arrangement of the step, the difference in level, the lighting, and other details to which she attributes her injury, that the court must necessarily find that her own negligence contributed to the injury.

This case is typical of the difficulties which sometimes confront the court in passing upon the question whether, under the evidence, there is such contributory negligence as would bar recovery, and justify the court in taking the case from the jury.

From remote times the court has undertaken to declare what is negligence *per se* on the part of a defendant when there is only one reasonable inference to be drawn from the evidence, but has never, as far as we are aware, undertaken to declare, without the intervention of the jury, that such negligence was the proximate cause of an injury. Since *Neal*

*v. R. R.,* 126 N. C., 634, the Court has undertaken to say, in appropriate cases, what is contributory negligence, in law, barring plaintiff's right of recovery, and to dismiss or nonsuit the action accordingly. In doing so the court necessarily passes upon the question of proximate, or contributing, cause as shown by the evidence of plaintiff's conduct. There is suggested, therefore, a danger of invading the province of the jury.

Since counsel insist upon a more liberal exercise of this power of the court, citing borderline cases in support of their contentions, one might get the impression that the court has not been as meticulous as it has intended to be in respecting the prerogatives of the jury.

Since, as stated, on motions of this kind the court must necessarily deal with evidence tending to show the plaintiff's negligence as well as its proximate causal relation to the injury, no mere conviction on the part of the judge, however profound, that the plaintiff ought not to recover upon the evidence because of contributory negligence, should be sufficient to justify taking the case from the jury. The power to take a case away from the jury upon a favorable finding of the court on defendant's affirmative plea of contributory negligence is exceptional and should be exercised only within the strict limits of its charter.

In *Neal v. R. R., supra,* the first case in this State clearly recognizing such power, the condition on which the court may exercise it is thus stated: "But when the defendant demurred to the plaintiff's evidence, *and but one construction can reasonably be drawn from it,* that is, it could not reasonably mean different things, . . . it certainly became a question of law for the court."

The principle is stated in a concurring opinion in that case, as follows: "When the facts are clearly settled, *from which only one inference can be drawn,* the question is then one of law, for the court to decide, and in such case the court should take the case from the jury and direct a nonsuit or verdict as the case may be." This principle has been frequently affirmed as it applies to both the negligence of the defendant and contributory negligence of the plaintiff, when these are subject to determination by the court. *Wadsworth v. Trucking Co.,* 203 N. C., 730, 166 S. E., 898; *Corum v. Tobacco Co.,* 205 N. C., 213, 171 S. E., 78; *Manufacturing Company v. R. R.,* 122 N. C., 881; *Brown v. Durham,* 141 N. C., 249, 53 S. E., 513; *Foy v. Winston,* 135 N. C., 439, 47 S. E., 466; *Tillett v. R. R.,* 118 N. C., 1031; *House v. R. R.,* 131 N. C., 103, 42 S. E., 533, and citations.

Applying the principle here, we find the present case falls entirely without the rule.

Counsel for appellee rely upon *King v. Thackers, Inc.,* 207 N. C., 869, 178 S. E., 95, as paralleling this case in essential parts and strongly supporting the contention that the plaintiff here was properly nonsuited. But in that case the plaintiff saw the dangerous object and stepped into it. Under the evidence in this case, we cannot say that the circum-

stance that plaintiff passed through this way a short while before sustaining her injury could be held, as a matter of law, to have given her such knowledge of the conditions as would make her guilty of contributory negligence on her return trip.

The eye receives impressions through appearances only. It is conceivable that when plaintiff came out of the coffee shop these appearances were quite different—in fact, that is the unavoidable inference from her testimony. Not that the lights had been shifted or altered in their intensity, but the eyes of the observer had been shifted to an opposite direction, and the incidence of the light upon the eye and upon the objects visualized was different. We get our impressions of the shape of objects and the continuity of surfaces largely from the disposition of light and shadow, although color sometimes plays a part. Usually the stereoscopic effect, afforded by vision with both eyes, gives us a sense of perspective—of the relative positions and distances of objects. But this effect is not of much service when we are dealing with flat surfaces, which, under the lighting conditions, may present an appearance of continuity. These things are matters of common knowledge.

Besides this, the plaintiff testified that she came out of a brilliantly lighted room into a dimly lighted basement; and it may be inferred that her eyes had not become accustomed to the difference in illumination when she encountered the step. She elsewhere testified that the floors were uniformly colored, and so were the walls.

We cannot say that, with respect to contributory negligence, there may be drawn from this evidence only one inference, and that unfavorable to the plaintiff. We do not find contributory negligence on the part of the plaintiff established with that clarity that would justify taking the case from the jury.

The judgment of nonsuit is
Reversed.