HAROLD CONLEY, BY HIS NEXT FRIEND, NEALIE CONLEY, v. PEARCE-YOUNG-ANGEL COMPANY AND GLENN ROBERT ENGLISH.

IVEY RUTHERFORD, ADMINISTRATRIX ESTATE OF VERDELL RUTHERFORD, DECEASED, v. PEARCE-YOUNG-ANGEL COMPANY AND GLENN ROBERT ENGLISH.

FRANCIS RUTHERFORD v. PEARCE-YOUNG-ANGEL COMPANY AND GLENN ROBERT ENGLISH.

(Filed 12 April, 1944.)

1. Trial § 11: Appeal and Error § 19—

When cases are consolidated for trial they become one case for the purpose of trial and appeal. Only one record is required.

**2. Trial § 29b—**

In an action for damages, based upon injuries by negligence and wrongful death from an automobile collision, a peremptory charge, based on plaintiff's evidence alone, which fails to apply the law to the evidence offered by defendant on the particular aspect of the case in question, or fails to require the finding of negligence and proximate cause from a consideration of all the evidence, must be held for error.

**3. Automobiles §§ 13, 18a—**

Mere stopping on the highway is not prohibited by law, and the fact of stopping in itself does not constitute negligence. It is the stopping without giving a signal, approved by statute, whenever the operation of any other vehicle may be affected thereby. G. S., 20-154. A violation of the statute is negligence *per se*.

**4. Negligence § 5—**

Proximate cause is an inference of fact, to be drawn from other facts and circumstances, hence what is proximate cause is ordinarily for the jury. If the evidence is so slight as not to warrant the inference, the court will not leave the matter to the speculation of the jury.

**5. Negligence § 19a: Automobiles § 18a—**

The violation of a statute, imposing a rule of conduct in the operation of a motor vehicle and enacted in the interest of safety, has been held to constitute negligence *per se;* but, before the person claiming damages for injuries sustained can be permitted to recover, he must show a causal connection between the injury received and the disregard of the statutory mandate.

Appeal by defendant from *Rousseau, J.,* at September-October Term, 1943, of Burke. New trial.

The plaintiff Rutherford, Administrator, instituted action for wrongful death, and the other plaintiffs sued for damages for personal injuries. The causes of action all arose out of the same automobile-truck collision. In the court below the three actions were, by consent, consolidated for the purpose of trial.

On 21 April, 1943, defendant's agent and employee was operating a truck of defendant on Highway 70, near Glen Alpine, going in a westerly direction. One Elbert Conley was operating an automobile going in the same direction and to the rear of the truck. He had six passengers, including plaintiffs Harold Conley and Francis Rutherford, and the deceased, Ivy Rutherford.

Plaintiffs' evidence tends to show that both vehicles were going about 30 or 35 miles per hour; that the car was trailing within 30 or 35 feet of the truck; that the truck suddenly stopped without any signal; that the car cut to the left in an attempt to avoid a collision, but that in so doing it struck the left rear corner of the truck, and that Ivy Rutherford was killed and the others suffered certain personal injuries.

The driver of the defendant's truck admits that he stopped without giving any signal, but testified that he did not stop suddenly. He testified further that before stopping he looked through his rear-view mirror and through the "back glass"; that no car was within his vision to the rear, and that after he had stopped the car ran into the truck. Defendant also offered evidence tending to show that the car was traveling at high speed.

Issues in each case were submitted to and answered by the jury in favor of the plaintiff. From judgments thereon defendant appealed.

*Hatcher & Berry and Mull & Patton for plaintiffs, appellees.*

*Smathers & Meekins and J. Bennett Riddle, Jr., for defendants, appellants.*

BARNHILL, J. These appeals were brought up on three separate records. We may note in this connection that when the cases were consolidated for trial they became one case for the purpose of trial and appeal. Only one record was required.

The court in its charge instructed the jury in part as follows:

"The court charges you as a matter of law that if you find the evidence to be true, of these plaintiffs and all the witnesses offered by the plaintiffs, that the driver of the car in which the plaintiffs were riding, that that driver was guilty of negligence; and the court also charges you that the driver of the car in which plaintiffs were riding, that that negligence did at least become one of the proximate causes that brought this event about.

"And if you find that evidence to be true and believe what they say about it, that the driver of this firm's car was guilty of negligence and his negligence at least becomes one of the proximate causes that helped to produce this collision and his injury."

The defendant excepts to the second paragraph above quoted.

This was a peremptory charge based on plaintiff's evidence alone. While the jury was instructed that defendant contended the jury should not believe the testimony offered by the plaintiffs and should find the facts as testified to by witnesses for the defendant, it inadvertently failed to go further and apply the law to the evidence offered by defendant on this particular aspect of the case, or to require the finding of negligence and proximate cause from a consideration of all the evidence. Under the circumstances of this case it must be held for error for two reasons.

1. The evidence was in sharp conflict as to the relative positions of the two vehicles at the time defendant's truck was stopped on the highway. Violation of the statute, it is true, constitutes negligence *per se.*

But did the defendant's agent fail to comply with its terms? His evidence does not tend to so show.

Mere stopping on the highway is not prohibited by law, and the fact of stopping in itself does not constitute negligence. *Leary v. Bus Corp.,* 220 N. C., 745, 18 S. E. (2d), 426. It is stopping without giving a signal by hand and arm "or by any approved mechanical or electrical signaling device" approved by the Department of Motor Vehicles *whenever the operation of any other vehicle may be affected by such movement.* G. S., 20-154 (sec. 116, ch. 407, Public Laws 1937).

Hence, the question of negligence is for the jury to decide, and is to be decided upon a consideration of all the testimony.

2. Proximate cause is an inference of fact, to be drawn from other facts and circumstances. If the evidence be so slight as not reasonably to warrant the inference, the court will not leave the matter to the speculation of the jury. *Lincoln v. R. R.,* 207 N. C., 787, 178 S. E., 601; *Hinnant v. R. R.,* 202 N. C., 489, 163 S. E., 555.

It is only when the facts are all admitted and only one inference may be drawn from them that the court will declare whether an act was the proximate cause of an injury or not. But that is rarely the case. *Taylor v. Stewart,* 172 N. C., 203, 90 S. E., 134. Hence, "what is the proximate cause of an injury is ordinarily a question for the jury. . . . It is to be determined as a fact in view of the circumstances of fact attending it." *R. R. v. Kellogg,* 94 U. S., 464, 24 L. Ed., 256; *Hardy v. Lumber Co.,* 160 N. C., 113, 75 S. E., 855; *Newton v. Texas Co.,* 180 N. C., 561, 105 S. E., 433; *Albritton v. Hill,* 190 N. C., 429, 130 S. E., 5; *Earwood v. R. R.,* 192 N. C., 27, 133 S. E., 180; *Harper v. Bullock,* 198 N. C., 448, 152 S. E., 405; *McAtee v. Mfg. Co.,* 166 N. C., 448, 82 S. E., 857; *McMillan v. Butler,* 218 N. C., 582, 11 S. E. (2d), 877; *Mulford v. Hotel Co.,* 213 N. C., 603, 197 S. E., 169; *James v. Coach Co.,* 207 N. C., 742, 178 S. E., 607; *Pearson v. Stores Corp.,* 219 N. C., 717, 14 S. E. (2d), 811.

That the act complained of is the violation of a statute and constitutes negligence *per se* does not take the case out of the general rule.

According to the uniform decisions of this Court, the violation of a statute imposing a rule of conduct in the operation of a motor vehicle and enacted in the interest of safety has been held to constitute negligence *per se,* but before the person claiming damages for injuries sustained can be permitted to recover he must show a causal connection between the injury received and the disregard of the statutory mandate, and what is the proximate cause of the injury is usually a matter to be determined by the jury. *Holland v. Strader,* 216 N. C., 436, 5 S. E. (2d), 311; *Barrier v. Thomas and Howard,* 205 N. C., 425, 171 S. E., 626; *Godfrey v. Coach Co.,* 201 N. C., 264, 159 S. E., 412; *Sherwood*

*v. Express Co.,* 206 N. C., 243, 173 S. E., 605; *Stultz v. Thomas,* 182 N. C., 470, 109 S. E., 361; *Lowe v. Taylor,* 196 N. C., 275, 145 S. E., 611; *Stone v. Texas,* 180 N. C., 546, 105 S. E., 425.

As the questions presented by other exceptive assignments of error may not again arise, discussion thereof would serve no useful purpose.

For the reason stated, there must be a

New trial.