CLARICE D. ATWATER v. J. C. CASTLEBURY, D/B/A CASTLEBURY EGG FARM

No. 8610SC645

(Filed 3 March 1987)

Negligence § 57.4— entranceway higher than interior floor—negligence of proprietor—no contributory negligence of invitee

In an action to recover for injuries sustained by plaintiff when she fell upon entering defendant's place of business, evidence was sufficient to support an inference of negligence on the part of defendant and was insufficient to conclude as a matter of law that plaintiff was contributorily negligent where it tended to show that plaintiff stepped from bright sunlight into a dark room, and her vision was momentarily impaired; she was not required to anticipate the unusual construction of defendant's entranceway which was eight inches higher than the interior floor, nor could she anticipate the lack of continuity between the doorsill and the interior floor; plaintiff had never before entered this building and knew nothing of its hazardous construction; and plaintiff was

Atwater v. Castlebury

given no notice of the dangerous situation, even though defendant was present and knew that people had fallen there before.

APPEAL by plaintiff from *Hight, Judge.* Judgment entered 8 January 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 13 November 1986.

Plaintiff, Clarice D. Atwater, fell at defendant's place of business after having gone there to purchase eggs for the Atwater Rest Home, where she was manager. The rest home normally purchased its eggs from defendant, but plaintiff had never before visited the particular building in which she fell.

Defendant handled his egg sales from the front room of a small farm building. This building was made of concrete block set on a level concrete slab. An eight-inch-high row of blocks was built in front of the building's entrance to prevent water from draining into it. The interior floor of the building, being level with the exterior concrete slab, was eight inches lower than the concrete block threshold.

Plaintiff testified that she stepped up on the eight-inch-high threshold to enter. She thought that the interior of the building would be the same level as the threshold. As she stepped into the interior of the building she lost her balance and fell forward to the concrete floor injuring herself. The evidence further showed that it was a bright, sunny day and that the interior of the building appeared dark to plaintiff as she entered.

In addition, defendant Castlebury was aware that people had tripped and fallen over the entrance in the past, although no one had been seriously injured before. Plaintiff testified that defendant was standing outside the building when she entered, but gave no verbal warning to her that there was a step down from the entrance. Additionally, no posted warning existed.

At the close of plaintiff's evidence, defendant moved for a directed verdict. From the order granting a directed verdict, plaintiff appeals.

*Hatch, Little, Bunn, Jones, Few & Berry, by Thomas D. Bunn, attorney for plaintiff appellant.*

*Broughton, Wilkins, Webb & Gammon, P.A., by Charles P. Wilkins, attorney for defendant appellee.*

ORR, Judge.

Plaintiff contends that the trial court erred in granting defendant's motion for a directed verdict. We agree.

A motion for a directed verdict tests the sufficiency of the evidence to go to the jury. *West v. Slick*, 313 N.C. 33, 326 S.E. 2d 601 (1985).

> When a motion for a directed verdict is made under Rule 50, the trial judge must determine whether the evidence taken in the light most favorable to the plaintiff and giving him the benefit of every reasonable inference which can be drawn therefrom, was sufficient to withstand defendant's motion for a directed verdict. In ruling on a motion for a directed verdict, the court must resolve any discrepancies in the evidence in favor of the party against whom the motion is made.

*Cook v. Tobacco Co.*, 50 N.C. App. 89, 90-91, 272 S.E. 2d 883, 885 (1980). If reasonable minds could differ over whether plaintiff should recover, the evidence should go to the jury. *Koonce v. May*, 59 N.C. App. 633, 298 S.E. 2d 69 (1982).

An owner or proprietor of a place of business owes an invitee the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to warn the invitee of hidden dangers or unsafe conditions of which he has knowledge. *Norwood v. Sherwin-Williams Co.*, 303 N.C. 462, 279 S.E. 2d 559 (1981). In addition, the owner is "obligated to keep the approaches and entrances to his store in a reasonably safe condition for the use of customers entering or leaving the premises." *Garner v. Greyhound Corp.*, 250 N.C. 151, 155, 108 S.E. 2d 461, 464 (1959).

> The mere fact that a step up or down . . . is maintained at the entrance or exit of a building is no evidence of negligence, if the step is in good repair and in plain view. . . . If the step is properly constructed, but poorly lighted, and by reason of this fact one entering the store sustains an injury, recovery may be had. On the other hand, if the step is properly constructed and well lighted so that it can be seen by one entering or leaving the store, by the exercise of reasonable care, then there is no liability.

*Id.* at 159, 108 S.E. 2d at 467.

In *Hockaday v. Morse*, 57 N.C. App. 109, 290 S.E. 2d 763, *disc. rev. denied*, 306 N.C. 384, 294 S.E. 2d 209 (1982), this Court reversed an order granting summary judgment to the defendant. In that case, plaintiff fell from a poorly lit step at defendant's motel after visiting a guest there. The Court found that summary judgment was improperly granted because plaintiff offered sufficient evidence from which the jury could find that defendant was negligent. Plaintiff's evidence showed that the step itself was unlighted and that the only available light came from an upstairs room and was blocked by high shrubbery surrounding the steps. The evidence further showed that defendant failed to use ordinary care to remedy an unsafe condition of which he knew or should have known, and that such failure proximately caused plaintiff's injury.

In *Harrison v. Williams*, 260 N.C. 392, 132 S.E. 2d 869 (1963), the plaintiff also fell from a step down in a dimly lit area. The Supreme Court allowed defendant's motion for involuntary nonsuit in that case, only because plaintiff's evidence was too vague and indefinite to establish defendant's negligence and a right to recover. In *Harrison*, plaintiff failed to offer sufficient evidence, although available, as to the step's location and as to the lighting conditions which caused her fall.

In the case *sub judice*, however, plaintiff presented sufficient evidence from which an inference of negligence could be drawn. Plaintiff shows that she stepped up eight inches to the threshold, from brilliant sunlight to a comparatively dark interior, and that her vision was momentarily impaired. Plaintiff testified that it was a very clear, bright, sunshiny day, but that it was very dark in the building. She testified that the building had very dark flooring and very dark walls "[a]nd it makes a dark room. From a bright sunlight, to walk in is like a flash bulb hits you in the face. You don't expect this kind of darkness. . . ."

Plaintiff also expected the floor to be continuous and on the same level as the threshold. Her testimony states: "I assumed that the floor would be level with the top of the block. Common sense will tell you to expect to find a floor, unless you have been told that there is a drop or to watch your step. When you go into a house or a building you expect continuity of flooring."

Defendant, who was standing outside the building and watched plaintiff enter, did not give her any warning of the eight-inch drop, even though he was aware that other people had fallen before. In his deposition, defendant testified that people had stumbled there before, but that no one had been hurt to the extent of suing. Defendant also stated that he had considered moving the obstruction and that such construction was unusual.

We hold that there clearly existed sufficient evidence to go to the jury on the issue of defendant's negligence.

Defendant contends that the evidence shows that plaintiff was contributorily negligent. We do not agree.

An invitee is under a duty to exercise care for his own safety, and he may not recover if he is guilty of contributory negligence which is a proximate cause of his injury. *Blake v. Tea Co.*, 237 N.C. 730, 75 S.E. 2d 921 (1953). However, "a plaintiff cannot be guilty of contributory negligence unless he acts or fails to act with knowledge and appreciation, either actual or constructive, of the danger of injury which his conduct involves." *Chaffin v. Brame*, 233 N.C. 377, 380, 64 S.E. 2d 276, 279 (1951). In addition, "[a] customer is not contributorily negligent where the only way he or she could protect theirself [sic] would be to focus their attention towards the floor which a customer is not required to do. However, the customer does have an obligation to keep a lookout in her path of travel and to see what she ought to have seen as the ordinary prudent person would have done in the exercise of ordinary care under the same or similar circumstances." *Norwood v. Sherwin-Williams Co.*, 303 N.C. at 471, 279 S.E. 2d at 564.

In *Mulford v. Hotel Co.*, 213 N.C. 603, 197 S.E. 169 (1938), the Supreme Court held that nonsuit on the grounds of contributory negligence should have been denied. In that case, the plaintiff fell when leaving defendant's coffee shop at the basement exit. Plaintiff stated that "[t]here was no notice or sign to step down. There was no hand-railing advising you that there was a change in the level." *Id.* at 604, 197 S.E. at 170. The shop was brilliantly lighted in comparison with the basement entrance. The Court said that "it may be inferred that her eyes had not become accustomed to the difference in illumination when she encountered the step." *Id.* at 606, 197 S.E. at 171.

Finally, in *Norwood*, the Supreme Court concluded that the trial court erred in holding the plaintiff contributorily negligent, when she stumbled over a store display platform. The Court found that the lighting in the store was poor and that the extension of the platform into the aisle was not obvious to her because of the poor lighting conditions.

In the case *sub judice*, we find the evidence is insufficient to conclude that plaintiff was contributorily negligent as a matter of law. Plaintiff stepped from bright sunlight into a room of considerably less light and her vision was momentarily impaired. She was not required to anticipate the unusual construction of defendant's entranceway. Nor could she anticipate the lack of continuity between the doorsill and the interior floor. Plaintiff had never before entered this building and knew nothing of its hazardous construction. Furthermore, plaintiff was given no notice of the dangerous situation, even though defendant was present and knew of its existence.

From the facts presented, we hold that there was sufficient evidence to support an inference of negligence on the part of defendant. Furthermore, the evidence was insufficient to conclude as a matter of law that plaintiff was contributorily negligent. Therefore, the directed verdict must be reversed and the case remanded for a new trial on both issues.

Reversed and remanded.

Judges WELLS and BECTON concur.