O. E. HARPER, ADMINISTRATOR OF MARY RUTH HARPER, DECEASED, v. FRANK BULLOCK.

(Filed 12 March, 1930.)

1. **Death B a—Where it appears of record that action for wrongful death was brought within year, judgment denying nonsuit will be upheld.**

   Where, in an action to recover damages for a wrongful death, the date of the death is admitted in the pleadings and summons bears date of issuance within one year therefrom, and these matters affirmatively appear in the record on appeal, the presumption is that the evidence was properly before the jury and the judgment of the trial court denying defendant's motion as of nonsuit, entered on the ground that the action was barred by the statute, will be upheld. C. S., 160.

2. **Food A a—Evidence that death was proximate result of defendant's negligence held sufficient to be submitted to the jury.**

   Where, in an action to recover damages for the wrongful death of the plaintiff's intestate, the evidence tends to show that the intestate became sick after purchasing and eating wieners bought from the defendant, and that she complained of pains in her stomach and that she continued to grow worse until her death about two weeks later, and that the wieners were made in part of rotten meat, and that another in company with the intestate was also made sick from eating wieners bought at the same time, with medical expert testimony to the contrary that death did not result from eating the wieners: *Held*, the evidence that death was the proximate result of the defendant's negligence was sufficient to be submitted to the jury and overrule defendant's motion as of nonsuit.

APPEAL by defendant from *Devin, J.*, at October Term, 1929, of EDGECOMBE. No error.

This is a civil action to recover damages resulting from the death of plaintiff's intestate, caused by the negligence of defendant.

The issues submitted to the jury were answered as follows:

"1. Was the death of plaintiff's intestate caused by the negligence of defendant, as alleged in the complaint? Answer: Yes.

2. If so, what damage is plaintiff entitled to recover? Answer: $2,083.30."

From judgment on the verdict, defendant appealed to the Supreme Court.

*J. W. Keel, C. C. Pierce and Ward & Grimes for plaintiff.*
*Thos. J. Pearsall, Geo. M. Fountain and Gilliam & Bond for defendant.*

CONNOR, J. Defendant's only assignment of error on his appeal to this Court is based on his exception to the order of the trial court, refusing to allow his motion for judgment as of nonsuit, at the close of all the evidence. C. S., 567. In support of this assignment of error, defendant contends:

1. That there was no evidence at the trial that this action was begun within one year from the date of the death of plaintiff's intestate.

2. That there was not sufficient evidence that the death of plaintiff's intestate was the proximate result of the eating by her of wieners, or sausages, manufactured by the defendant, and sold by him to plaintiff's intestate.

It is alleged in the complaint and admitted in the answer that plaintiff's intestate died on 29 August, 1927. It does not appear from the evidence set out in the case on appeal, when this action to recover damages for her wrongful death was begun—whether before or after the expiration of one year from said date. It appears, however, from the record, as certified to this Court on defendant's appeal, that the summons was issued on 18 April, 1928. There is no contention that this is not the date of its issuance and therefore of the commencement of this action. It thus appears that the action was in fact brought by the plaintiff within one year from the date of the death of his intestate. C. S., 160.

In *Harrington v. Wadesboro,* 153 N. C., 437, 69 S. E., 399, it is said that "the authorities are to the effect that courts will take judicial notice of facts and entries of record in the suit being presently tried, and in support of the validity of the verdict and judgment it is proper for the

15—198

appellate court to assume that a fact of this character was brought to the attention of the jury in some permissible way." Where the record shows that an action to recover damages for a wrongful death was brought within one year from the date of the death, and that there was no controversy at the trial as to whether or not it was brought within such time, an order refusing to allow defendant's motion for judgment as of nonsuit, will not be held error in this Court, because it does not affirmatively appear in the case on appeal that the summons was issued prior to the expiration of one year from the admitted date of the death. Where it affirmatively appears from the evidence as certified to this Court that the action was not brought within the year, a judgment dismissing the action as of nonsuit will be affirmed, as was done in the case of *Hanie v. Penland,* 193 N. C., 800, 135 S. E., 165. See *Tieffenbrun v. Flannery, ante,* 397, and cases cited in the opinion of *Brogden, J.*

The evidence offered by the plaintiff tended to show that defendant was negligent with respect to the meat used by him and his employees in the manufacture of the wieners or sausages which he sold to plaintiff's intestate, and which she ate almost immediately after she had bought them. Defendant offered evidence to the contrary. The conflicting evidence with respect to defendant's negligence as alleged in the complaint was properly submitted to the jury. It is sufficient to say that the evidence offered by plaintiff was amply sufficient to support his allegation that defendant used, or caused to be used by his employees, in the manufacture of the wieners or sausages, which he sold to plaintiff's intestate, and which she ate, meat which was unfit for human consumption, and which was calculated to cause the wieners or sausages to make the plaintiff sick.

The question chiefly debated on the argument of this appeal was whether there was any evidence at the trial of this action from which the jury could find that defendant's negligence was the proximate cause of the death of plaintiff's intestate. If there was such evidence, there was no error in the refusal of the court to allow defendant's motion for judgment as of nonsuit; otherwise, there was error, and the judgment must be reversed.

Plaintiff's intestate, Mary Ruth Harper, at the date of her death, 29 August, 1927, was about nine years of age. Prior to 16 August, 1927, she was a bright, happy, healthy child. On said day, she and Elsie Jackson, then about ten years of age, went to defendant's place of business, in Rocky Mount, N. C., and there bought some wieners or sausages. Soon after they ate the wieners or sausages they both became very sick. There was evidence tending to show that these wieners or sausages were made of rotten or decomposed meat, and other ingredients,

which made them unfit for human consumption. Both the girls vomited repeatedly, and then went to the home of Elsie Jackson. The mother of Elsie Jackson testified that both the girls were deathly sick when they came to her home. Mary Ruth spent the night in the Jackson home and was sick the next morning. She then went to her home, accompanied by Elsie Jackson. Her mother testified that Mary Ruth was very pale and sick when she came home. She was put to bed and remained there until her death on 29 August, 1927. She gradually grew worse, complaining constantly of pain in her stomach. Her stomach became swollen and distended, and she vomited repeatedly. A physician was called to see her on the seventh day after she had eaten the wieners or sausages, and attended her until her death. His treatment did not relieve her.

This physician, as a witness for defendant, testified that he treated Mary Ruth for nephritis or Bright's disease, and that in his opinion, although they were made of decomposed and rotten meat, the wieners or sausages, which the child had eaten on 16 August, 1927, did not cause her death on 29 August, 1927. Other physicians, who testified for defendant as expert witnesses, concurred in this opinion.

The principle is well established in the law that when both the negligence and the injury alleged in the complaint in an action to recover damages resulting from the injury are admitted or shown by the evidence at the trial, the question as to whether or not the negligence was the proximate cause of the injury is ordinarily for the jury. The negligence of the defendant, although followed in point of time by the injury to the plaintiff, is not actionable unless there is the relation of cause and effect between them (Byrd v. Express Co., 139 N. C., 273, 51 S. E., 851), and the burden is upon the plaintiff to show not only the negligence of the defendant and the injury to himself, but also that the negligence of the defendant was the proximate cause of his injury.

Giving full force to these elementary principles, we are of the opinion that there was evidence on the trial of this action from which the jury could find that the negligence of the defendant was the proximate cause of the death of plaintiff's intestate. The charge of the court to the jury does not appear in the case on appeal, for the reason that there were no exceptions to instructions given therein. The learned judge who presided at the trial properly submitted the evidence to the jury, and we are assured correctly instructed them as to the law. We find

No error.