C. S. SOUTHERLAND v. W. T. CRUMP, EXECUTOR OF J. A. SOUTHERLAND, DECEASED.

(Filed 2 July, 1930.)

1. **Judgments L a—Where record contains no evidence of payment of costs of prior action, directed verdict for plaintiff will be held error.**

    Where, after judgment as of nonsuit, another action has been brought on the same cause of action within one year under the provisions of C. S., 415, and defendant moves for judgment as of nonsuit and excepts to the trial court's refusal of the motion, and on appeal the only question presented is whether the plaintiff had paid the costs of the prior action as required by the statute: *Held*, the burden is upon the plaintiff to show compliance with the statute and where the record on appeal contains no evidence that the costs of the prior action had been paid, a directed verdict in the plaintiff's favor will be held erroneous, and it cannot be presumed that such evidence was properly before the jury from the fact that the trial court stated at the close of testimony that as he understood the evidence he would have to give a directed verdict that the costs had been paid, to which counsel did not object until after a verdict in the plaintiff's favor.

2. **Appeal and Error E g—On appeal the record imports verity.**

    On appeal to the Supreme Court the record imports verity and the Court is bound by what it contains.

    ADAMS, J., dissenting; CONNOR, J., concurs in dissent.

APPEAL by defendant from *Daniels, J.,* and a jury, at December Term, 1929, of DUPLIN. Reversed.

This is an action brought by plaintiff against the defendant to recover on a special contract and on *quantum meruit.* The jury found that there was no special contract, but gave a verdict on the *quantum meruit.* The defendant also set up the plea of the statute of limitations.

The plaintiff offered in evidence summons issued 27 February, 1922, served 28 February, 1922, by sheriff of New Hanover County, in case entitled, C. S. Southerland *v.* J. A. Southerland. Judgment of nonsuit in the above case at December Term, 1926, Judgment Docket No. 14, page No. 253. Bill of cost in above case marked "Paid." Summons in case entitled C. S. Southerland *v.* W. T. Crump, executor of J. A.

Southerland, issued 20 January, 1927, served 31 January, 1927. Plaintiff offered judgment of nonsuit in last mentioned case rendered at the August Term, 1927, also judgment of the Supreme Court at Spring Term, 1928, filed 14 March, 1928, and also judgment of the clerk of the Superior Court as of the judgment of the Supreme Court, rendered ..... . day of . . ............ ...., 1928. Plaintiff offered summons in case of C. S. Southerland v. W. T. Crump, executor, issued 12 March, 1929, received by sheriff of Scotland County 14 March, 1929, and served 14 March, 1929. Further necessary facts will be set forth in the opinion.

Judgment was rendered for plaintiff on the *quantum meruit*. Defendant made numerous exceptions, and assigned errors and appealed to the Supreme Court.

*Oscar B. Turner for plaintiff.*
*George R. Ward for defendant.*

CLARKSON, J. At the close of plaintiff's evidence and at the close of all the evidence, the defendant made motions for judgment as in case of nonsuit. C. S., 567. The court below overruled the motions and in this we think there was error.

The sole question involved in this appeal is whether the cost in the second action was paid before the present action was instituted.

C. S., 415 is as follows: "If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment, if the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought *in forma pauperis.*" See *Hampton v. Spinning Co.,* 198 N. C., 235.

The former action in this cause, by an opinion of the Supreme Court filed 14 March, 1928, upon motion for nonsuit at the close of all the evidence made by defendants, was affirmed. *Southerland v. Crump,* 195 N. C., 856. The present action was instituted by the issuance of summons on 12 March, 1929—within one year after the nonsuit in the original action.

In *Rankin v. Oates,* 183 N. C., 517, it is decided that the burden to repel the plea of the statute of limitations is on the plaintiff. The defendants set up the plea of the one year statute of limitations.

The record introduced by plaintiff does not show that the costs in the original action had been paid by the plaintiff before the commencement of the new suit. There is no evidence that "the original suit was

brought *in forma pauperis."* The statute is mandatory and the burden is on the plaintiff to show compliance.

Seventh issue: "Is the plaintiff's cause of action barred by the three year statute of limitations as alleged in the answer? Answer: No."

Eighth issue: "Is the plaintiff's cause of action barred by the one year statute of limitations, as alleged in the answer? Answer: No."

We find the following in the record: "I instruct you, if you believe the evidence in the case, you will answer the seventh issue, No, and also the eighth issue No. (At the close of the testimony, the court stated to counsel on both sides, that as he understood the evidence, he would have to charge the jury that if they believed the evidence, they would decide that plaintiff's action was not barred by the statute of limitations. At that time, the court understood there was evidence, that the cost in both nonsuits had been paid before the pending action had been instituted. To this, counsel, all of whom heard this statement, made no response, and did not argue this phase of the case to the jury; and, the court, at the conclusion of the argument charged the jury as he had intimated, without objection or question on the part of counsel. Their first objection to this instruction is contained in the exception to this part of the charge contained in defendant's case on appeal, and in their exception to the refusal to nonsuit.) To so much of charge as is embraced in brackets above, just above the statement inserted by the court, defendant, in apt time, excepted," and assigned error.

The judge in the court below said that he "understood" there was evidence that the cost in both nonsuits had been paid. But in this he was evidently laboring under a misapprehension, for the record is wanting in this respect. The statement made by the court below and what occurred thereafter, does not show an admission or estoppel by counsel. Counsel for defendant was careful at the close of plaintiff's evidence and at the close of all the evidence to make motions for judgment as in case of nonsuit to protect his client's rights. These rights were preserved by exceptions and assignments of error duly made.

It is conceded that, on the record filed in this Court, the evidence of the plaintiff is not sufficient to repel the plea of the statute of limitations. But it is contended that as "the court understood there was evidence that the cost in both nonsuits had been paid before the pending action had been instituted," it is permissible for us to assume that evidence of this character was brought to the attention of the jury in some proper way, and may have been inadvertently omitted from the record on appeal. With respect to a disputed question of fact we can know judicially only what the record discloses. *Harper v. Bullock,* 198 N. C., 448, and *Harrington v. Wadesboro,* 153 N. C., 437, are not at variance with this position, but in support of it.

SOUTHERLAND *v.* CRUMP.

Indeed, in every case where the trial court overrules a motion to nonsuit, he does so with the understanding that the evidence is sufficient to carry the case to the jury. And this is the very question we are called upon to review.

In settling the case on appeal, the careful judge did not state that there was an agreement or admission by counsel for defendant that the cost had been paid, nor that there was evidence of it—neither do we. The court below was not stating contentions of the parties where it is the duty of counsel to except promptly or his objection is waived. *S. v. Sinodis,* 189 N. C., at p. 571. The record imports verity, we are bound by what it contains. The judgment is

Reversed.

ADAMS, J., dissenting. The plaintiff brought suit to recover an amount alleged to be due him for providing rooms, lodging, and board for the defendant's testator and for service rendered in a sale of his land. The jury returned a verdict upon an implied contract, awarding the plaintiff $162.50 with interest for his service in procuring a sale of the land and $360 with interest for board, care, and maintenance. In answer to the seventh and eighth issues the jury found that the plaintiff's action was not barred by the three-year or the one-year statute of limitations.

The defendant moved as provided in C. S., 567, for judgment as in case of nonsuit. The court denied the motion, the defendant excepted, and the plaintiff recovered a judgment from which the defendant appealed.

The plaintiff brought an action against J. A. Southerland in which the summons was issued on 27 February, 1922. Judgment of nonsuit was entered in December, 1926, and the bill of cost was paid. On 20 January, 1927, the plaintiff brought suit against the defendant, executor of J. A. Southerland, on the same cause of action, and at the August Term of 1927, the action was dismissed. On the plaintiff's appeal to the Supreme Court the judgment was affirmed at the Spring Term of 1928. On 12 March, 1929, the plaintiff commenced the present action against the defendant on the same cause. It was heard and determined at December Term, 1929, of the Superior Court of Duplin.

The only question considered in the opinion of the Court is whether the plaintiff paid the cost incurred in the second action before instituting the present suit, as required by C. S., 415. If he paid it his cause of action is not barred. On this point the record evidence gives us no information; but Judge Daniels instructed the jury to find, if they believed the evidence, that the plaintiff's action was not barred by the

statute of limitations. He set out his reason for giving this instruction: "At the close of the testimony, the court stated to counsel on both sides, that as he understood the evidence he would have to charge the jury, that if they believed the evidence, they would decide that plaintiff's action was not barred by the statute of limitations. At that time, the court understood there was evidence, that the cost in both nonsuits had been paid before the pending action had been instituted. To this, counsel, all of whom heard this statement, made no response, and did not argue this phase of the case to the jury; and the court, at the conclusion of the argument, charged the jury as he had intimated, without objection or question on the part of counsel. Their first objection to this instruction is contained in the exception to this part of the charge. contained in the defendant's case on appeal, and in their exception to the refusal to nonsuit."

His Honor informed the attorneys that as he understood the evidence he would be compelled to give the directed instruction. He did so at the close of all the evidence; at the time the defendant was required to renew his motion for nonsuit and to give the reasons for his motion. No doubt his reasons were given. The alleged right of nonsuit turned upon the question whether the action was barred, and whether the action was barred turned upon the question whether the cost had been paid. It is perfectly obvious that Judge Daniels understood from the evidence that the cost had been paid. He said so: "At that time the court understood there was evidence. that the cost in both nonsuits had been paid before the pending action had been instituted." To understand a thing is to comprehend or to make out the meaning of it; not to guess at it. When he "understood there was evidence that the cost in both nonsuits had been paid" he evidently understood there was evidence before him to this effect. This is the natural and reasonable construction of his statement, for it is hard to see how he could have imagined there was such evidence or could have "labored under a misapprehension" as to material evidence on the really vital point in the case.

It is said, however, that the record imports verity and that it does not disclose any evidence that the cost had been paid. When the trial judge before instructing the jury stated in effect, in the presence of counsel, that he understood the evidence to be that the cost had been paid and that for this reason it was his duty to give the directed instruction on the last two issues, and this statement is made a part of the case on appeal, we may safely apply the words of *Hoke, J.,* that "in support of the validity of the verdict and judgment it is proper for the appellate court to assume that a fact of this character was brought to the attention of the jury in some permissible way," although it may

have been inadvertently omitted from the record on appeal. *Harrington v. Wadesboro,* 153 N. C., 437, cited and approved in *Harper v. Bullock,* 198 N. C., 448.

When counsel made no response to the statement set out above it was natural for the judge to conclude that there was no difference of opinion as to the evidence, and that they acquiesced in what he said. Under these circumstances the defendant should be bound by the instruction of which he now complains. The legal effect would be the same if he knew that an error of fact had been committed and remained silent when he was impliedly, if not expressly, invited to speak. It is said that we can "know judicially only what the record discloses." This is true if the word "record" is intended to include the case on appeal; but the case on appeal discloses facts which estop the defendant. The controlling principle is not the verity of the record but the acquiescence of the defendant in the judge's statement of what he understood the evidence to be; and acquiescence imports and is founded on knowledge and consent.

In the appellee's brief it is said, "There is no contention that the cost in both nonsuits had not in fact been paid, as indeed there could be none."

For the reasons given I do not concur in the opinion of the Court.

CONNOR, J., concurs in dissent.