MRS. ETTA JORDAN, ADMINISTRATRIX OF C. T. JORDAN, DECEASED, v.
PHILLIP GLICKMAN.

(Filed 9 April, 1941.)

1. **Evidence § 45a—Ordinarily, testimony must be confined to statements of fact, and opinion evidence is competent only in well defined exceptions.**

As a general rule, the testimony of a witness must be confined to statements of concrete fact within his own knowledge, observation and recollection, even when he is testifying as to matters within the common knowledge and experience, with exceptions permitting in evidence the conclusions and opinions of witnesses when the facts involved call for special skill and study, or when the facts are incapable of being clearly and adequately described.

2. **Evidence § 48b: Death § 7—Nonexpert witness held incompetent to testify that injuries received by intestate caused his death.**

In this action for wrongful death, the mother of intestate testified as to bruises and cuts on his body after the accident in suit, but her testimony that the injuries resulted in intestate's death, which occurred almost four months after the accident, was excluded. *Held:* Plaintiff's exception to the exclusion of the nonexpert opinion testimony cannot be sustained, since it does not fall within any of the exceptions to the general rule excluding conclusions and opinions of witnesses.

3. **Same: Evidence that injuries sustained in accident caused intestate's death held sufficient for jury.**

In this action for wrongful death, the evidence tended to show that defendant negligently drove his car into a wagon in which intestate was riding, hurling intestate to the ground and injuring him. Intestate's mother and father testified as to the injuries sustained by intestate at the time of the collision, that he complained of pains in his chest on the afternoon he was hurt, and testified that intestate's chest began to swell and continued to grow larger and larger, that he had no such pains or swelling before the collision, and that his condition continued to grow worse until he died a little less than four months after the accident. *Held:* Proof of the cause of death is not confined to expert opinion evidence, and the testimony is sufficient to be submitted to the jury upon the question of whether the injuries sustained by intestate in the accident caused his death.

CLARKSON, J., concurring in result.

APPEAL by plaintiff from *Carr, J.,* at October Term, 1940, of LEE.

*Gavin, Jackson & Gavin for plaintiff, appellant.*
*No counsel for defendant, appellee.*

SCHENCK, J.   This is an action for the wrongful death of the plaintiff's intestate alleged to have been proximately caused by the negligence of the defendant.

There was evidence tending to prove that on 1 December, 1939, the intestate, a youth of fourteen years of age, was riding in a wagon driven southward by his father on U. S. Highway No. 1, about six miles north of Sanford; that at the same time the defendant's automobile, in which he was riding, was being driven in the same direction on the same highway; that the driver of the wagon drove to his left across said highway to enter a private road to his home, and after he had traversed the greater portion of said highway and all of the wagon, except two or three feet of the rear thereof, was off the hard surface, the defendant's automobile, driven at an unlawful and negligent rate of speed and on its left side of the highway, struck the wagon and hurled the plaintiff's intestate to the ground; that the said intestate was injured by his impact upon the hard surface; and that said intestate died on 29 March, 1940.

When the plaintiff had introduced her evidence and rested her case the defendant moved to dismiss the action and for a judgment as in case of nonsuit. C. S., 567. The motion was allowed, and from judgment accordant therewith, the plaintiff appealed, assigning error.

According to the plaintiff's brief, the only question presented is: "Did the court err in excluding the evidence of the witness Mrs. C. J. Jordan, and (in) sustaining defendant's motion of nonsuit at the close of plaintiff's evidence?" (for want of evidence of proximate cause).

Mrs. C. J. Jordan, mother of the intestate, C. T. Jordan, a lad of fourteen years, testified substantially that she saw her son later in the afternoon of the same day on which the collision between the wagon in which he was riding and the automobile of the defendant took place, that he was bruised and cut about the face, his arms and hips and chest were swelling, he had severe pains in his chest, and that she dressed his wounds and rubbed his chest with liniment and poulticed it, he grew worse; he was unable to sleep and sat up most of the nights, his chest seemed to give him the most trouble, it was swelling when the witness got home the evening he was hurt and continued to swell and at the time of his death it stuck way out; he was not in that condition before the injury, he had a normal chest, was in good health and was unusually active; he was taken to the hospital for about a month and when he returned home he was unable to be up or out and could not sleep lying down, he could not get his breath, "I give him the medicine the doctors prescribed and rubbed his chest and put poultices on it. Nothing helped him I did. He died March 29, 1940."

The witness, Mrs. C. J. Jordan, was then asked if she had an opinion satisfactory to herself as to what caused the death of her son, and if so, what it was. Objections to these questions were sustained, and such ruling is assigned as error by the appellant. It appears from the record that if the witness had been permitted to answer she would have stated

that she had such an opinion, and it was that the death of her son "was caused from the injury received when the automobile collided with the wagon. It hurt his chest and affected his heart in such way that I could tell it was the same condition that was produced by the injury that continued to grow worse until he died from it. He was able to work and to eat, play and sleep before his injuries. He was not able to do either after that and ate very little and got to the place he could not eat anything hardly."

It is a fundamental principle of the law of evidence as administered by our courts, both in civil and criminal cases, that the testimony of witnesses upon matters within the scope of common knowledge and experience of mankind, given upon the trial of a case, must be confined to statements of concrete facts within their own observation, knowledge and recollection. While there are· exceptions to this rule which admit in evidence the conclusions and opinions of witnesses when the facts involved in the issue call for special skill and study, or when such facts are incapable of being clearly and adequately described, we do not think that the opinion evidence of Mrs. Jordan sought to be introduced by the plaintiff falls within the exceptions, and therefore we hold there was no error in sustaining the defendant's objection thereto.

However, we are of the opinion, and so hold, that there was evidence, other than the opinion evidence of Mrs. Jordan, that the death of the plaintiff's intestate resulted from the injury he received when the wagon in which he was riding was struck by the defendant's negligently operated automobile. The testimony of Mrs. Jordan as to the extent of the physical injuries sustained by her son at the time of the collision, her detailed description of the injury to his chest, and the progress of the illness resulting, and of how immediately after the injury the boy's chest began to swell and continue to grow worse until he died, together with the testimony of C. J. Jordan, the father of the intestate, who was driving the mule to the wagon in which the intestate was riding at the time the automobile of the defendant collided with it, to the effect that the intestate was bruised and hurt about the chest, that his chest began to swell and he complained of it and could not sleep, that his wife put liniment on the intestate's chest, that the intestate went to school only intermittently until about Christmas, and that his condition grew worse and worse until he was carried to the hospital in January, 1940, where he stayed about four weeks and was brought home and was never able to get up again, that the witness noticed that the intestate's chest grew larger and larger and it stuck out, and that he died 29 March, 1940, affords some evidence that the death of the intestate was proximately caused by the injury received in the collision; and since this was more than a scintilla of competent evidence that the proximate cause of the

death was such injury the case should have been submitted to the jury. *Harper v. Bullock,* 198 N. C., 448, 152 S. E., 405.

We do not subscribe to the doctrine that the cause of death can be proven only by the opinion of á physician, or other expert witness. *Harper v. Bullock, supra.* The parents who had kept constant vigil over their wounded child for four long months, who had observed the swelling in his chest and had heard him complaining of pains in his chest on the same afternoon of the collision in which he was hurt, and saw his chest continue to swell throughout his illness, who knew that he had no such pains or swelling before the collision, and saw him gradually grow worse and die, we apprehend could (and in this case did) testify to sufficient facts to sustain an inference drawn by the jury that the injury received in the collision was the proximate cause of their child's death.

There was error in granting the motion for judgment as in case of nonsuit.

The judgment of the Superior Court is

Reversed.

CLARKSON, J., concurring in result: It was in evidence that the witness, Mrs. C. J. Jordan, was asked if she had an opinion satisfactory to herself as to what caused the death of her son, and if so, what it was. Objections to these questions were sustained, and such ruling is assigned as error by the appellant. It appears from the record that if the witness had been permitted to answer she would have stated that she had such an opinion, and it was that the death of her son "was caused from the injury received when the automobile collided with the wagon. It hurt his chest and affected his heart in such way that I could tell it was the same condition that was produced by the injury that continued to grow worse until he died from it. He was able to work and to eat, play and sleep before his injuries. He was not able to do either after that and ate very little and got to the place he could not eat anything hardly." This was the testimony of the mother who watched the condition of her son from the time of his injury until his death. I concur in the view that there was sufficient evidence to carry the case to the jury, but do not agree that the evidence of the opinion of Mrs. Jordan was incompetent.

In 20 American Jurisprudence, under the head of Evidence, part sec. 859, pp. 719-720, is the following: "Nonexpert.—The opinions of lay or nonexpert witnesses who are familiar with a person whose physical condition is in question and have had opportunity for observing him are competent evidence on issues concerning the general health, strength, and the bodily vigor of such person, his feebleness or apparent illness, or changes in his apparent state of health or physical condition from one

time to another. Lay witnesses have been permitted to testify that a person looked bad, that he looked feeble, that he was lame or could scarcely walk, that he appeared to be very sick, and that he was so ill as to be beyond asking anything or in a condition to know anything." *Farming Co. v. R. R.,* 189 N. C., 63 (69); *Street v. Coal Co.,* 196 N. C., 178 (183); *McCord v. Harrison-Wright Co.,* 198 N. C., 742 (745-6); *Keller v. Furniture Co.,* 199 N. C., 413 (417); *Teseneer v. Mills Co.,* 209 N. C., 615 (622); *Pack v. Katzin,* 215 N. C., 233 (235). The evidence was competent, the probative force was for the jury.