DIETZ, Judge.
 

 *310
 
 Defendants Daniel Herbin and Orozco Sanchez were involved in a chain-reaction rear-end collision with Leslie Smith's car at an intersection. After the crash, Smith felt a tingling in her left arm and itching in her back. Dr. Chason Hayes later treated her left shoulder with pain injections, arthroscopic surgery, and physical therapy. Smith sued Defendants, alleging that their negligence caused the collision and her resulting personal injuries and medical expenses.
 

 At trial, Smith introduced the deposition testimony of Dr. Hayes to show that her injuries were caused by the crash. The trial court excluded Hayes's testimony on the ground that it was impermissibly speculative and thus inadmissible as expert testimony. As a result, the court granted a directed verdict in Defendants' favor because Smith had not met her burden on the element of proximate cause.
 

 On appeal, Smith does not challenge the exclusion of Dr. Hayes's testimony. But she argues that her own testimony that the tingling and itchy sensations occurred immediately after the crash was sufficient evidence of causation to send the case to the jury. As explained below, we disagree. Lay testimony on causation is permissible only if an average person would know that those injuries were caused by that type of trauma-for example, lay testimony is permissible to show that cuts or bruises were caused by striking a car door or steering wheel with great force. By contrast, the causes of neurological issues like the
 
 *311
 
 tingling and itchiness in this case are not readily understandable to the average person.
 

 More importantly, even if the causes of these neurological sensations properly could be the subject of lay testimony, Smith never described the mechanics of the crash in her testimony. She never explained what parts of her body were strained or stressed and never provided the jury with any other information from which it could conclude that the itching and tingling in her shoulder and back must have been caused by trauma during the crash. Accordingly, we affirm the trial court's judgment.
 

 Facts and Procedural History
 

 On the afternoon of 17 August 2012, Defendant Orozco Sanchez rear-ended Plaintiff Leslie Smith's car while Smith was stopped at an intersection. Seconds later, Defendant Daniel Herbin rear-ended Sanchez's car, causing it to collide with Smith's car again. When paramedics arrived at the scene, Smith told them that her left arm was tingling and her back was itchy.
 

 Smith went to the emergency room that evening and complained that her left arm was tingling and her back was twitching. Emergency room attendants took x-rays and prescribed pain medications.
 

 Two weeks later, Smith saw Dr. Chason Hayes to address the tingling sensation in her left arm. Dr. Hayes treated Smith's left shoulder with pain injections and physical therapy, and eventually ordered an MRI of her left shoulder. Based on the MRI results, Smith decided to undergo arthroscopic surgery on her left shoulder on 16 January 2013. After additional physical therapy, Smith last saw Dr. Hayes on 13 May 2013.
 

 On 28 March 2014, Smith sued Defendants, alleging that they negligently caused her injuries and related medical expenses by rear-ending her car. In response to Smith's allegations, Defendant Herbin admitted that he negligently caused Sanchez's car to collide with Smith's, but denied causing Smith's injuries.
 

 At trial, Smith produced a videotaped deposition of Dr. Hayes, in which Dr. Hayes testified that the two collisions caused Smith's back and left arm injuries. At the close of Smith's evidence, Defendants moved
 
 *745
 
 for a directed verdict. The trial court granted the motions, reasoning that Dr. Hayes's deposition testimony was impermissibly speculative and thus inadmissible as expert testimony on the issue of whether the two collisions proximately caused Smith's injuries. Smith timely appealed.
 
 *312
 

 Analysis
 

 I. Proximate cause
 

 On appeal, Smith does not challenge the trial court's exclusion of Dr. Hayes's testimony and, as a result, concedes that she has no expert testimony on the issue of causation at trial. But she contends that the directed verdict against her was improper because her own trial testimony concerning the tingling in her left arm and the itchy sensation in her back immediately after the collision was sufficient evidence for the jury to conclude that her personal injuries and medical expenses were caused by the two collisions. For the reasons explained below, we reject Smith's argument.
 

 We review the grant of a motion for directed verdict
 
 de novo.
 

 Denson v. Richmond Cty.,
 

 159 N.C.App. 408
 
 , 411,
 
 583 S.E.2d 318
 
 , 320 (2003). A trial court must deny a motion for directed verdict if, viewing the evidence in the light most favorable to the non-movant, there is "more than a scintilla of evidence supporting each element of the non-movant's claim."
 

 Id.
 

 at 412
 
 ,
 
 583 S.E.2d at 320
 
 .
 

 Proximate cause is an essential element of a negligence claim.
 
 Gillikin v. Burbage,
 

 263 N.C. 317
 
 , 324,
 
 139 S.E.2d 753
 
 , 759 (1965). Where an injury is "so far removed from the usual and ordinary experience of the average man that expert knowledge is essential to the formation of an intelligent opinion, only an expert can competently give opinion evidence as to [its] cause."
 
 Id.
 
 at 325,
 
 139 S.E.2d at 760
 
 . But when "any layman of average intelligence and experience would know what caused the injuries complained of[,]" lay testimony on proximate cause is permissible.
 

 Id.
 

 For example, expert testimony is not required to show causation when the plaintiff testified that bruises on her hip were caused when her hip hit the car door in an automobile accident.
 
 Gillikin,
 

 263 N.C. at 324
 
 ,
 
 139 S.E.2d at 759
 
 . Likewise, expert testimony is not required to show causation for the death of a child when lay testimony established that the child was struck by a car and thrown violently onto the pavement.
 
 Jordan v. Glickman,
 

 219 N.C. 388
 
 , 390,
 
 14 S.E.2d 40
 
 , 42 (1941).
 

 Smith argues that her personal injuries, which manifested after the accident as tingling in her left arm and the itchy sensation in her back, are the same as the injuries sustained in
 
 Gillikin
 
 and
 
 Jordan
 
 and could be proven by her own lay testimony that they occurred immediately after the two collisions. We disagree.
 

 *313
 
 First, sensations such as tingling and itchiness are not the same as a bruise. These sensations and their neurological causes are far more complex than bruising that results when a part of the human body is struck by something. Second, and more importantly, unlike the plaintiffs in
 
 Gillikin
 
 and
 
 Jordan,
 
 Smith never produced any evidence of the direct mechanism of her injuries. In the cases in which lay testimony is permitted, it is because the mechanics of the injury are readily apparent to the average person-for example, when a car door strikes a person's hip resulting in the bruise.
 
 Gillikin,
 

 263 N.C. at 325
 
 ,
 
 139 S.E.2d. at 760
 
 . Here, by contrast, Smith never described what happened to her body during the collision and, in particular, never described any stress or impact on her shoulder or back that might have permitted an average person to conclude that the accident caused her tingling or itchy sensations. Simply put, Smith's testimony was not sufficient to establish causation for her injuries and the resulting medical expenses. Accordingly, the trial court did not err in granting a directed verdict in Defendants' favor based on the failure to present any competent evidence of proximate causation.
 

 II. Nominal damages
 

 Smith next argues that the trial court erred in entering the directed verdict because Herbin admitted that he negligently caused the collision and thus she was entitled
 
 *746
 
 to at least nominal damages. But Herbin admitted only that he negligently caused the accident; he did not admit that Smith suffered any injuries as a result of the accident or that his negligence caused those injuries. In any event, Smith failed to preserve this argument for appeal. When the trial court announced that it was entering a directed verdict in favor of Defendants, Smith did not object on the ground that she was entitled to nominal damages against Herbin based on his admission of liability. Had she done so, the trial court could have considered this argument with the jury still impaneled. Because Smith failed to object on this ground and obtain a ruling from the trial court when she had the opportunity, this argument is waived. N.C. R.App. P 10(a)(1).
 

 Conclusion
 

 We affirm the trial court's judgment.
 

 AFFIRMED.
 

 Judges ELMORE and STROUD concur.