An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1169

Filed 16 July 2025

Mecklenburg County, No. 19 CVD 007011-590

DAVID CASON, Plaintiff,

v.

RONARI DAVELL GALLOWAY, Defendant.

Appeal by defendant from judgment entered 17 April 2023 by Judge Matthew D. Newton in District Court, Mecklenburg County. Heard in the Court of Appeals 13 August 2024.

> *Osborne Law Firm, P.C., by Curtis C. Osborne, for plaintiff-appellee.*
>
> *Sue, Anderson & Bordman, LLP, by Cam A. Bordman and Gary K. Sue, for defendant-appellant.*

PER CURIAM.

Plaintiff David Cason brought this action against Defendant Ronari Davell Galloway seeking damages Plaintiff alleges he sustained when a vehicle driven by Defendant rear-ended the vehicle Plaintiff was driving. Because Plaintiff failed to present competent evidence as to the proximate cause of his injuries, the trial court erred by denying Defendant's motion for directed verdict and we reverse the trial

court's judgment.

## I.    Background

On 26 August 2017, Plaintiff and Defendant were involved in a motor vehicle accident in which Defendant's car struck the rear of Plaintiff's truck. Plaintiff brought a negligence claim against Defendant. The matter came on for bench trial on 7 March 2023. At the close of evidence, Defendant moved for a directed verdict, which the trial court denied. The trial court found (1) Plaintiff was injured by Defendant's negligence, (2) Plaintiff was not contributorily negligent, and (3) Plaintiff was entitled to recover $20,876.80 from Defendant in damages for personal injury. The trial court entered judgment accordingly. Defendant appeals.

## II.    Analysis

On appeal, Defendant argues the trial court erred in denying his motion for a directed verdict. Specifically, Defendant moved for a directed verdict because Plaintiff presented no admissible evidence regarding the proximate cause of his injuries.

> The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury.
>
> > In determining the sufficiency of the evidence to withstand a motion for a directed verdict, all of the evidence which supports the non-movant's claim must be taken as true and considered in the light most favorable to the non-movant, giving the non-movant the benefit of every reasonable inference

which may legitimately be drawn therefrom and resolving contradictions, conflicts, and inconsistencies in the non-movant's favor.

*Simmons v. Wiles*, 271 N.C. App. 665, 668, 845 S.E.2d 112, 115 (2020).

Proximate cause is a necessary element for any negligence claim. *See Keith v. Health-Pro Home Care Servs., Inc.*, 381 N.C. 442, 450, 873 S.E.2d 567, 574 (2022) ("The common law claim of negligence has three elements: (1) a legal duty owed by the defendant to the plaintiff, (2) a breach of that legal duty, and (3) injury proximately caused by the breach."). Plaintiff needed the opinion of a qualified expert to meet his burden of showing that the injuries he complains of were proximately caused by the accident. Our Supreme Court has instructed that "where the exact nature and probable genesis of a particular type of injury involves complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury." *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980). And our Court has explained that

> [l]ay testimony on causation is permissible only if an average person would know that those injuries were caused by that type of trauma—for example, lay testimony is permissible to show that cuts or bruises were caused by striking the car door or steering wheel with great force. By contrast, the causes of neurological issues like the tingling and itchiness in this case are not readily understandable to the average person.

*Smith v. Herbin*, 247 N.C. App. 309, 310-11, 785 S.E.2d 743, 744 (2016).

Here, Plaintiff's injuries were not so obviously caused by the motor vehicle crash as to render a layperson's testimony sufficient to prove causation. Plaintiff did not complain of injuries like cuts and bruises, injuries which would be obviously caused by the car crash. Rather, Plaintiff's injuries were more nebulous and required a medical expert to explain their cause. Specifically, Plaintiff's evidence tended to show that Plaintiff was seeking damages, in large part, for headaches, neck pain, knee pain, and nerve problems, which required months of physical therapy for him to return to work.

To meet his burden to show proximate cause, Plaintiff offered the expert opinion of his physical therapist, who testified the car accident proximately caused Plaintiff's injuries. Defendant objected to this evidence, arguing the physical therapist was not qualified to render an expert medical opinion as to causation. At the close of Plaintiff's evidence, Defendant moved for a directed verdict, arguing that Plaintiff had not offered competent evidence as to causation of his injuries.

Other jurisdictions have discussed the limitations on a physical therapist's expert testimony. *See, e.g., Stutzman v. CRST, Inc.*, 997 F.2d 291, 298 (7th Cir. 1993) (physical therapist not qualified to testify regarding medical prognosis); *Bolton v. CNA Ins. Co.*, 821 S.W.2d 932, 935-38 (Tenn. 1991) (physical therapist not qualified to testify regarding permanent impairment or permanent physical restrictions); *Elmore v. Travelers Ins. Co.*, 824 S.W.2d 541, 544-45 (Tenn. 1992) (physical therapist not qualified to testify regarding causation of an injury); *Nelson v. Taylor*, 553 S.E.2d

488, 491 (S.C. Ct. App. 2001) (same).

Under our Rules of Evidence, expert witnesses are qualified to testify within their fields of expertise. *See* N.C. Gen. Stat. § 8C-1, Rule 702(a) (2023). Our General Statutes limit the scope of physical therapy, stating that "[p]hysical therapy does not include . . . medical diagnosis of disease." N.C. Gen Stat. § 90-270.90(4) (2023). We conclude that the trial court erred in overruling Defendant's objection to testimony by Plaintiff's physical therapist as a medical expert in this case. The physical therapist was only qualified to testify regarding the physical therapy used to treat Plaintiff's injuries. The physical therapist was not qualified to testify regarding causation of Plaintiff's injuries, as this opinion testimony was outside his area of expertise. We also note Plaintiff's physical therapist testified that he did not provide a medical diagnosis. But as a practical matter, a medical diagnosis would be required for an expert opinion as to causation of Plaintiff's injuries.

Because the trial court committed an error of law by overruling Defendant's objection to testimony of the physical therapist regarding the diagnosis and causation of Plaintiff's injuries, it abused its discretion in allowing the physical therapist to testify as to the cause of Plaintiff's injuries. *See SciGrip, Inc. v. Osae*, 373 N.C. 409, 418, 838 S.E.2d 334, 342 (2020) ("A trial court's ruling concerning the admissibility of expert's testimony will not be reversed on appeal absent a showing of abuse of discretion." (quotation marks omitted)); *see also In re S.R.*, 384 N.C. 516, 520, 886 S.E.2d 166, 171 (2023) ("[A] mistake of law is an abuse of discretion."). Accordingly,

the physical therapist's testimony regarding the causation of Plaintiff's injuries must be stricken.

We have reviewed the record and conclude that Plaintiff did not offer competent evidence or incompetent evidence not objected to showing that his injuries were proximately caused by the accident. We hold the trial court erred by not granting Defendant's motion for directed verdict or otherwise entering judgment for Defendant.

REVERSED.

Panel consisting of Chief Judge DILLON and Judges STROUD and GORE.

Report per Rule 30(e).